SAMULI O. SWENSON v. DANIEL KIEHL, *Sheriff*, &c.

1. HOMESTEAD; *Occupation thereof Essential.* Occupation, actual or constructive, is essential to give the character of homestead to premises.
2. INTENT, *When Purchased.* While occupation need not always be instantaneously cotemporaneous with purchase to create a homestead, yet the purchase must always be with the intent of present and not simply of future occupancy.

*Error from Davis District Court.*

INJUNCTION brought by *Swenson* to restrain the sale by *Kiehl*, as sheriff of Davis county, of eighty acres of land, claimed by the plaintiff as her homestead. At the November Term, 1877, of the district court, the defendant *Kiehl* had judgment against *Swenson*, who brings the case here.

*Walter C. Fawcett*, for plaintiff in error.

*McClure & Humphrey*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of injunction to restrain the sale by defendant, as sheriff of Davis county, of eighty acres claimed by the plaintiff as her homestead. There was a general finding and judgment in favor of defendant, and plaintiff alleges error. The petition to restrain the sale was filed May 28th, 1877, and the trial had November 30th, 1877. The judgment upon which the execution was issued was rendered in 1873. One execution was issued February 5, 1877, and another, April 23d, 1877. Both were levied upon the land, and under the latter the sale was about to be made. It appears that the land was purchased by plaintiff November 13th, 1876, and that there was a small house upon it, yet up to the time of the trial, more than a year after the purchase, she had failed to move upon the place or occupy it as a residence. "Occupied as a residence by the family of the owner" is the language of the constitution defining the homestead exemption. We are aware that occupancy is not always possible at the instant of purchase, and that, as we have heretofore said, a reasonable time is allowable in which to prepare for and complete the removal to and occupation of the intended homestead. But the purchase must be for the purpose and with the intent of present and not simply of future use as a residence. A party may not have two homesteads. If he occupies one dwelling as a residence, and intends to continue such occupation for the present, a purchase of another residence does not invest that with the character of a homestead simply because of an intent at some future and more convenient time to make it his home. And this is true whether the present residence is owned or leased. We do not mean that a party occupying a residence under a lease must of necessity wait until the *exact instant* of the termination of that lease before making arrangements for his future home. The law favors homesteads; and arrangements made at about the time of the termination of such lease or occupation, and with a view

thereto, are, for the purposes of a homestead question, considered as made cotemporaneous with such termination — but with this reasonable limitation: a party who has one home cannot impart to another residence which he may purchase the character of a homestead, and thereby secure its exemption from judicial process by the mere intent at some future time to occupy it as a residence of himself and family. Now in the case at bar, the plaintiff was not a witness, and only from the testimony of her husband do we know what her intent in the matter was. He says she purchased it for a homestead; that she did not occupy it at once, because the building then on the premises was too small and unsuitable, and because of her health; and that upon the purchase he commenced cultivating the ground and improving the premises, and only stopped when the levy was made, and because of this lawsuit. There were no special findings of fact, but only a general finding for defendant. We are not therefore advised upon what particular ground the district court found for defendant — whether because it discredited the witness, or because it regarded the delay unreasonable, or the excuse for stopping work insufficient, or because it was not satisfied that the purchase was made with the intent of present occupation. It is needless therefore to notice in detail the testimony. It is enough to say that, in view of the considerations above named, it does not appear to us that this court can hold that the district court erred, or that the character of a homestead had attached to the premises at the time of the levy.

The judgment will therefore be affirmed.

All the Justices concurring.