AMOS RICE *et al.*

*v.*

S. F. RICE *et al.*

*Filed at Ottawa November 20, 1883.*

1. TRUST—*cestui que trust may pursue trust fund into property in which it is invested.* If a guardian invests the moneys of his ward in the purchase of land, taking the title to himself, a resulting trust arises, and the ward may follow the money into the land and hold it as trust estate, the same as was the money, or he may sue upon the guardian's bond.

2. SUBROGATION—*right of surety.* A surety has a clear right, in equity, upon paying the debt of his principal, to be substituted in the place of the creditor as to all the securities held by the latter for the debt, and to have the same benefit therein as the creditor would have.

3. Where a surety of a guardian is compelled to pay the ward, or his personal representative, in an action on the guardian's bond for a failure to pay over moneys found to be due the ward, such surety, in a court of equity, will be subrogated to the ward's right to enforce a resulting trust against the guardian, arising out of his purchase of land with the funds of the ward, and may have such land sold for his reimbursement.

4. SAME—*when the keeping alive the judgment is not essential.* Where a surety on a guardian's bond is compelled to pay a judgment rendered on such bond for the sum due the ward, he will, in equity, be entitled to have the benefit of a resulting trust in land which the ward had as a security for his money used in its purchase, and for this purpose it is not material that the judgment on the bond should not be extinguished by the payment. A proceeding to be subrogated to the right to enforce such trust, is not one to enforce the bond or the judgment thereon.

5. EVIDENCE—*only person affected may object to.* A guardian gave two bonds,—one of $1000, on his appointment, and another of $3000, on obtaining a decree to sell lands. He used the proceeds of the land sold in the purchase of other land in his own name, and made default in paying one of his wards what was found due him. Judgments and decrees were recovered against the guardian and all the sureties on both bonds, or against their estates or lands devised by them, and the several sureties, or their representatives, arranged between themselves that each should pay an equal part of the judgment, which was done, and the parties so paying filed a bill to be subrogated to the rights of the ward to enforce a resulting trust in the land bought by the guardian with trust funds: *Held,* that on the hearing the defendants could not urge the admission of the first bond as error, as the

question whether the second bond discharged the first was one material only as between the sureties, and had been already arranged by them.

6. SAME—*decree as evidence against one not a party.* Where a decree is rendered against the sureties, and heirs and representatives of sureties, upon a guardian's bond for the same amount found to be due from the guardian to a ward by the county court, the judgment of the county court is sufficient evidence that the decree was for a just liability of the defendants therein as sureties of the guardian, and there is no error in admitting such decree in evidence against the guardian and his wife and daughter, although they were not parties to the suit in which it was rendered, in a suit by such sureties to secure payment from the guardian of the sum paid for him. The wife and daughter of such guardian, during his life, have no such interest as to enable them to object to the decree as evidence.

7. DECREE—*as not having regard for another party.* Where sureties on a guardian's bond, after having paid to the estate of one of the wards the sum found due from the guardian, filed a bill in chancery to reach certain trust property in the hands of the guardian, derived from a purchase with the ward's moneys, out of which to reimburse themselves, the decree granting the relief sought will not be erroneous in not also providing for the share of another ward who is made a defendant, it not appearing that the guardian owes such other ward anything, or that any claim was interposed in his behalf.

8. WITNESS—*competency.* A guardian is a competent witness against one of his wards, on a bill in chancery by his sureties against him and such ward, seeking to reach trust funds in his hands, and be subrogated to the equitable rights of the other ward to whom they have been compelled to pay money as such sureties.

9. HOMESTEAD AND DOWER—*in what estate.* Where a party holds the mere naked legal title in land in trust for another, he will have no such interest therein as that homestead and dower rights will attach.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN J. GLENN, Judge, presiding.

This was a suit in chancery, brought by S. F. Rice, William H. Parker, (administrator of the estate of George W. Parker, deceased,) Eliza A. Anderson, and Hans Anderson, her husband, against Amos Rice, and Lucinda Rice, his wife, Caroline Rice, and Fannie Rice, (now Tucker,) and others, to reach a trust fund in the hands of Amos Rice, as guardian of Caroline Rice and others.

In 1863 Amos Rice was appointed guardian of Obed, Fannie and Lydia Rice, and as such executed his bond in the sum of $1000, with S. F. Rice and George W. Parker as sureties. Amos Rice took possession of personal property of his wards of the value of $350, and sold their real estate, under order of the county court, for $1000. Upon this sale, by requirement of the county court, Rice gave an additional guardian's bond in the sum of $3000, with T. G. Stewart and George W. Parker as sureties. The guardian, Amos Rice, afterward purchased a certain eighty acres of land in Knox county, and took the conveyance in his own name, paying therefor $3200, and as a part thereof paid $1000 of funds belonging to his wards. Rice and his family occupy the land as their homestead. T. G. Stewart, one of the two sureties on the last bond, died in 1870, testate, leaving to his widow, Eliza Stewart, (now Eliza Anderson,) by will, real estate in Knox county. George W. Parker, another surety on both the bonds, died in 1879, leaving a solvent estate, and real and personal property in Knox county. William H. Parker was appointed administrator. Obed Rice, one of the wards, married Caroline Rice, and in 1879 he died, leaving Caroline, his widow, and she was appointed administratrix of his estate. Amos Rice, as guardian, was cited to appear before the county court of Knox county, and at the August term, 1879, he was found to be indebted to the estate of Obed Rice in the sum of $1100. That claim was, at the December term, 1879, of said court, allowed against the estate of George W. Parker, and Caroline Rice, as administratrix, recovered, in the Knox circuit court, a judgment against S. F. and Amos Rice for $474, a portion of said trust funds. Afterwards, Caroline Rice, as administratrix of Obed Rice, proceeded in chancery, in the Knox circuit court, and obtained against Eliza Anderson, devisee of the surety T. G. Stewart, and her husband, Hans Anderson, and the land devised to Eliza Anderson, a decree for $1171.55, which was the full amount of her claim, as administratrix,

against Amos Rice, as guardian. The complainants paid the full amount of this decree, and filed this bill to have subjected for repayment to them of this amount, the lands aforesaid of Amos Rice, purchased in part with the trust funds. The ward Lydia Rice had died previously. The circuit court decreed in favor of complainants, ordering sale of an undivided five-sixteenths of the land for the repayment of said sum of $1171.55, with interest, subject to two mortgages which had been placed upon the land.

Messrs. DOUGLASS & BRADFORD, for the appellants:

Where a judgment is rendered against principal and surety, payment of the amount by the surety extinguishes the judgment, and the surety can thereafter derive no benefit therefrom by means of subrogation. *State* v. *Miller*, 5 Blackf. 381; *Laval* v. *Rowley*, 17 Ind. 36; *Briley* v. *Sugg*, 1 Dev. & Batt. Eq. (N. C.) 366.

There is no evidence tending to show that Lucinda Rice has been guilty of fraud, or has disposed of any trust money, and yet the decree gives the complainant a lien on the farm, not even exempting homestead or dower.

The court erred in admitting in evidence the first bond of $1000, as the last bond given operated to discharge the first. *International Bank* v. *Poppers*, 105 Ill. 491.

Neither Amos, Lucinda nor Fannie Rice being parties to the suit of *Caroline Rice* v. *Eliza Anderson et al.*, the decree therein was not evidence against them.

The court erred in allowing Amos Rice, the guardian, to testify against his ward, Fannie Rice, whereby a decree was found giving the whole estate to Caroline Rice, administratrix of the estate of the other ward. When does Fannie get her share?

There is no evidence that any claim was ever made against Parker, or that he or S. F. Rice was bound or compelled to pay a cent, and yet they come in as volunteers, and join with

the Andersons in paying one-third each towards the satisfaction of the decree. Strangers who are not compelled to pay, but voluntarily do pay, can not have the benefit of subrogation.

Messrs. McKenzie & Calkins, for the appellees:

Caroline Rice obtained judgment against S. F. and Amos Rice for $474. Her claims were allowed against the estate of George W. Parker, and she obtained a decree against the devisee of T. G. Stewart, and the land devised to her, for $1171.55. In short, every one of the bondsmen of Amos Rice was made liable by the judgment of the court.

Upon payment to Caroline Rice, the bondsmen, sureties, or their heirs, were entitled to be subrogated to whatever rights the ward had against the guardian. *Fogarty et al.* v. *Ream et al.* 100 Ill. 379.

A surety is a favorite of the law, and every intendment is in his favor. *Pope* v. *Chalmers,* 60 N. Y. 164; *Trustees of Schools* v. *Otis,* 85 Ill. 179.

A surety on the bond of an administrator or guardian, on payment, is subrogated to all the prior remedies of the heir or ward. *Rhame* v. *Lewis,* 13 Rich. (S. C.) 269; *Smith* v. *Alexander,* 4 Sneed, 482.

A surety is entitled to every remedy. Willard's Eq. 111.

So where a person participating with a guardian in wasting property of his ward rendered himself a trustee for the ward, the sureties in the guardian's bond, upon paying the *devastavit,* were subrogated to the rights of the ward against the constructive trustee. *Fox* v. *Alexander,* 1 Ired. (N. C.) 340; *Talbot* v. *Wilkins,* 31 Ark. 411; *Clark* v. *Williams,* 70 N. C. 679; *Cottrell's Appeal,* 23 Pa. St. 294; *Orem* v. *Wrightson,* 34 Am. Ed. 287.

The county court, on proof, found what was due Caroline Rice. Fannie's share will be considered when she appears in court asserting the same.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

Amos Rice, the guardian, having paid $1000 of his ward's money in the purchase of the land in question, the ward might follow the money into the land, and claim it to be trust estate, as was the money. The ward, then, had a double recourse for his guardian's defalcation,—either to this land, or to the guardian's bonds. The ward's personal representative resorted to the bonds, obtained judgment against the sureties, and they paid the judgment in full. A surety has a clear right, upon paying the debt of a principal, to be substituted in the place of the creditor as to all the securities held by the latter for the debt, and to have the same benefit that he would have therein. (1 Story's Eq. Jur. sec. 327.) Under this equitable doctrine of subrogation, the sureties, upon payment of this judgment, were entitled to stand in the place of the personal representative of the ward, and have all the means for satisfaction of the payment they made that such representative had in respect to the ward's claim, and, therefore, right of resort to this land, as held in trust for such purpose. *Marsh* v. *Pike*, 10 Paige, 595; *McNeill* v. *Morrow*, Rich. Eq. Cases, 172; *Rhame* v. *Lewis*, 13 Rich. Eq. (S. C.) 269; *Cottrell's Appeal*, 23 Pa. St. 294.

The point is taken by appellant, that where a judgment is rendered against principal and surety, payment of the judgment by the surety extinguishes it, and the surety can thereafter derive no benefit therefrom by means of subrogation. Although authority is to be found to that effect as to enforcing such a judgment after it has been paid, Mr. Bispham lays it down that it must be considered to be the generally received doctrine that a surety who pays a debt which has been reduced to judgment, is entitled to have the judgment kept alive for his benefit, and to enjoy, as against the principal debtor, exactly the same advantages which could have

been claimed by the judgment creditor. (Bispham's Equity, sec. 336, and authorities cited.) But it is not necessary in this case to go to that length, as it is not sought here to enforce the guardian's bond, or the judgment rendered on it, but to have the benefit of a resulting trust in land which the creditor had,—something entirely distinct from, and independent of, the bond and judgment.

The objection that the decree is not supported by the evidence is not well founded.

It is claimed that it was error to admit in evidence the $1000 bond, the first bond,—that the giving of the $3000 bond fully satisfied and discharged the first. That is immaterial here. It would be a question entirely between sureties. The misappropriation of money was under the last bond, the $1000 which went into the land coming from the proceeds of the sale of the ward's real estate. T. G. Stewart, against whose devisee, Eliza Anderson, the judgment paid was got, was surety on the last bond; and further, the three sureties on the two bonds arranged between themselves that each should pay one-third of the judgment, as was done.

It is claimed that it was error to admit in evidence the decree in the case of *Caroline Rice* v. *Eliza Anderson et al.*—the one which was paid,—because neither Amos Rice nor Lucinda or Fannie Rice was a party to that decree. The liability of Amos Rice, as guardian, and the amount of it, had been established in the county court, and judgment therefor rendered against him. The decree against Eliza Anderson, devisee of the surety Stewart, was but for the amount of that liability thus established, and so was evidence against Amos Rice that the decree was for a just liability as surety of Rice. We see no interest which Lucinda, the wife of Amos Rice, and Fannie Rice, have, entitling them to object. Fannie Rice is said to be one of the heirs of Amos Rice. She can not be heir of a person living.

It is said the decree gives the whole estate, only amounting to $1000, to Caroline Rice, administratrix of the ward Obed Rice; that Fannie Rice is one of the two wards, and it is asked when she gets her share. It does not appear that the guardian is indebted to her. The county court determined what was due to Caroline Rice, as administratrix of Obed Rice, and the case has proceeded without reference to Fannie, except that she is made a party defendant, and merely adopts the answer of Amos Rice, and Lucinda, his wife, making no reference whatever to any interest of her own as a ward. We see no reason why the decree should have any regard for her as ward.

It is objected that Amos Rice was not a competent witness against Fannie Rice. All the reason given is, that Fannie is one of the heirs, and her guardian is called to testify against her interest. We fail to see why he was not a competent witness.

It is said, finally, the fact that the decree provides for the sale of homestead and dower rights is enough to reverse it. Amos Rice had no interest in the land for homestead and dower rights to attach to. The land was trust estate, in which he had nothing more than the naked legal title. The decree ordered sold but an undivided five-sixteenths of the land,—the proportional part represented by the $1000.

We find no error in the decree, and it is affirmed.

*Decree affirmed.*