## FRANK OSBORN v. WILLIAM STRACHAN.

WIFE, *When no Homestead Interest.* Where a trustee has merely the naked title to real estate, and the *cestui que trust* is in the actual possession thereof, and the trustee, who is a married man, executes a conveyance to the *cestui que trust*, and the premises have never been occupied as a residence by the family of the trustee, the wife of the trustee can claim no homestead interest in the premises so conveyed.

*Error from Elk District Court.* ·

ACTION in the nature of ejectment, brought by *Osborn* against *Strachan.* March 7, 1883, judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*J. D. McCue,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of ejectment, brought by Frank Osborn against William Strachan, to obtain the possession of twenty acres of land, situated in the northeast quarter of the southeast quarter of section 7, township 30, range 11, in Elk county. Trial by the court, a jury being waived. The court made a general finding in favor of the defendant, and rendered judgment accordingly. The plaintiff excepted, and brings the case here.

The facts in the case are substantially these: In 1870, three parties, by the names of Benefield, Huffer, and Crawford, settled and took claims on Elk river, in the county of Elk, under the provisions of §12, of the act of congress of July 15, 1870. Each claimed 160 acres. Benefield's claim was on the extreme west; Huffer's, east of Benefield's; and Crawford's, east of Huffer's. When the lands were surveyed, it was discovered that these claims did not embrace as much land as the parties supposed. Huffer's house and improvements were situated on an eighty-acre tract claimed by him, just east of the section line, and he also claimed the eighty-acre tract adjoining it on the east. Crawford made claim to this, and a dispute arose between Crawford and Huffer as to this tract. Huffer gave this up to Crawford, and filed upon the eighty-acre tract upon which his house was located, as well as the eighty acres west of him; the latter being a part of the land claimed by Benefield. On July 10, 1871, Huffer obtained a certificate of entry of the lands named, and upon application

of Benefield, the authorities of the local land office set aside Huffer's entry to that part of the land claimed by Benefield, and permitted the latter to file his notice of contest. At this time Huffer was a single man. He then went east, and in October married, he and his wife returning to his house about the first of November.

About the time the contest was being heard, and while the parties were at Humboldt to attend the same, Huffer and Benefield compromised their matters of difference by agreeing with each other that Benefield should withdraw his contest and permit Huffer to enter the land, on condition that he would convey at once to Benefield the west half of the north forty of the land. This was the property in controversy. Upon this agreement, Benefield withdrew his contest, permitted Huffer to complete his title, and Huffer conveyed to Benefield the land in dispute, but his wife refused to sign the deed. Huffer however gave up the possession of the land to Benefield, who continued in the possession of the same until December 2, 1878, when he conveyed it to William Strachan. Thereupon, Strachan took possession of the premises. After the death of Huffer, and on July 15, 1876, his wife, Susan E. Huffer, for the consideration of one dollar, executed a quit-claim deed to the premises to the plaintiff. Both the wife and Osborn seem to have had full knowledge of Benefield's rights, and also Strachan's, his grantee. The court below ruled that when Huffer took the title of the land in controversy, he took it in trust for Benefield, and that no homestead interest attached therein.

The plaintiff claims that the question in the case is upon the validity of the deed from Huffer to Benefield, and the contention is on his part, that said deed was absolutely void because the grantor was a married man and the land conveyed a part of his homestead, and as his wife did not sign it, there was no alienation with the joint consent of husband and wife. The point is not tenable. The trial court having found for the defendant, it is conclusively presumed to have found every fact in his favor necessary to sustain the judgment; and as there

was conflicting evidence in regard to the possession of the property, we must assume upon the evidence and finding, that neither Huffer nor his family ever occupied the strip of land in controversy as a residence, or ever had any possession thereof. Under such circumstances, Huffer had no homestead rights to the property within the meaning of the constitutional statute. Therefore his wife, Susan E. Huffer, the grantor, had no homestead claim to the premises. (*Swenson v. Kiehl*, 21 Kas. 533; *Farlan v. Sook*, 26 id. 397.) Further than this, as Huffer merely had the naked title to the real estate, and as Benefield, the equitable owner, and his grantee have been in the actual posession thereof, neither the wife of Huffer nor her grantee was entitled to recover possession of the real estate sued for.

The judgment of the district court must be affirmed.

VALENTINE, J., concurring.

HURD, J., not sitting in the case.