PETER VERBLE et al.

v.

MONROE DILLOW, Conservator.

*Opinion filed December 20, 1905.*

1. APPEALS AND ERRORS—*objection to allowing amended bill to be filed after close of evidence should be made below.* Allowing an amended bill to be filed at the close of the evidence, the answer to the original bill being ordered to stand as an answer to the amended bill, is not ground for reversal, where the objection that the amended bill raised a new issue is made for the first time in the court of review.

2. SAME—*court of review is under no obligation to search record for errors.* The burden is upon one assigning errors to direct the attention of the court of review to the specific respects in which the judgment or decree is erroneous and should be reversed.

3. CONSERVATORS—*ward may follow money invested by conservator in land.* Investment by a conservator of the money of his ward in land, the title to which he takes in himself, raises a trust, by implication, in favor of the ward, who may follow the money into the land and hold the land as a trust estate.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. A. K. VICKERS, Judge, presiding.

On April 15, 1903, the defendant in error, Monroe Dillow, as conservator of Hiram Verble, an insane person, filed his bill in the circuit court of Union county against the plaintiffs in error, Peter Verble and Esther D. Verble, his wife, in which he alleged that on February 15, 1892, Peter Verble was duly appointed and qualified as conservator of Hiram Verble, an insane person, and that he acted as such until May 17, 1897, upon which date he resigned and plaintiff was duly appointed and qualified as his successor; that there came to the hands of Peter Verble, as such conservator, the sum of $2000, $1612.36 of which amount remained in his hands at the time of his resignation; that of that sum he had turned over to plaintiff $1050, together with $75 inter-

est thereon; that on December 17, 1892, Peter Verble converted to his own use a portion of the money of his ward, and with it bought twenty acres of land and took the deed to the same in his own name, and managed and controlled it until April, 1903, when he conveyed it to his wife, Esther D. Verble; that said land is all of the land owned by Peter Verble and his wife, and that each of them is insolvent, and they are about to remove from the State, and there is danger of the land being sold or mortgaged; that by reason of the investing of the money in the land it was held in trust by Peter Verble for his ward, and Esther D. Verble took her title with notice of the trust. The prayer of the bill was for an accounting, and that the title be declared to be held in trust for said ward and the land sold to pay the amount due. An answer was filed by plaintiffs in error, and upon a hearing a decree was entered which found that Peter Verble was indebted in the sum of $684.56, which he was ordered to pay within twenty days, and upon default the lands were to be sold and the proceeds applied, as far as necessary, to the payment of the amount due. From this decree a writ of error has been prosecuted to this court.

TAYLOR DODD, for plaintiffs in error.

JAMES LINGLE, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the close of the evidence and before the entry of the decree defendant in error asked leave to file an amended bill, which the court permitted to be done. Plaintiffs in error insist that the amended bill tendered a new issue, which the court proceeded to adjudicate without requiring plaintiffs in error to answer the same. The original bill alleged that the title to the land was in Peter Verble. Shortly before the commencement of the suit he conveyed it to his wife, and the bill was amended so as to show title in her. She and her husband were parties to the original bill and filed their an-

swer. This answer was ordered to stand as the answer to the amended bill. All of the evidence had been taken, and we do not see how any new issue was tendered by the amendment. If a new issue had been formed by the amendment and the plaintiffs in error were. in any way surprised, they should have made this fact known to the court and asked for time to take additional evidence. No such application was made, and there is nothing in the record which shows that they in any way called this fact to the attention of the court. It certainly cannot be claimed that this point can be raised for the first time in this court so as to require a reversal of the decree.

It is also claimed that the defendant in error cannot maintain the suit in the manner in which he describes himself in the bill, and that the allegations of the bill are not sustained by the evidence. At the time of the resignation of Peter Verble he made his report to the court showing that he had in his hands a balance of $1612.36 belonging to his ward. Of this amount he paid $1050, together with some interest. He in no way accounted for the balance. Several witnesses testified to certain conversations which they had with him, in which he stated that the twenty acres had been purchased with the funds of his ward. While these conversations were denied by him, yet the chancellor saw the witnesses and heard them testify, and was therefore better able to judge of their credibility than we are. We cannot say that there is not sufficient evidence to sustain the decree. We have held in a great many cases that where money of a ward is invested in lands and the guardian or conservator takes the title in himself, a trust arises by implication in favor of the beneficiary, who may follow the money into the land and hold the land as a trust estate. *Rice* v. *Rice,* 108 Ill. 199; *First Nat. Bank* v. *Leech,* 207 id. 215.

The plaintiffs in error in their brief and argument have assigned many errors, yet they have not seen fit to point out specifically the reasons why the decree should be reversed.

The burden is upon the one assigning errors to direct the attention of the court to the specific respects in which the decree is erroneous. We are under no obligations to search the record for errors which might have been committed, but notwithstanding this fact we have made such an investigation as convinces us that the decree of the circuit court is correct, and it will therefore be affirmed.

*Decree affirmed.*