[S. F. No. 7579. In Bank.—March 24, 1916.]

## HENRY B. BIER, Appellant, v. JOHN JACOB LEISLE and MAGGIE LEISLE, Respondents.

TRUST IN LAND ARISING BY OPERATION OF LAW—COMMUNITY PROPERTY CONVEYED TO THIRD PERSON BY DIRECTION OF HUSBAND.—Land acquired with community funds which is by direction of the husband conveyed by an ordinary grant, bargain, and sale deed absolute in form to a third person, upon the parol understanding and agreement between the grantee and the husband that the grantee would assume and pay certain debts of the husband, including a debt due the grantee, would sell the property to pay such debts, and divide the surplus between the husband and his wife, is held by the grantee upon a trust arising by operation of law and not by way of mortgage.

ID.—SUBSEQUENT HOMESTEAD DECLARED BY WIFE ON TRUST PROPERTY.
From the time of such conveyance no interest whatsoever in the
land remained in either the husband or wife, their only right being
one in the possible surplus that might remain after the sale of the
land and the payment of creditors, and the subsequent attempted
selection by the wife of the premises as a homestead could not
create any such interest, nor could it avail against the prior deed.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order refusing a new trial.
George E. Church, Judge.

The facts are stated in the opinion of the court.

W. P. Thompson, for Appellant.

Drew & Drew, for Respondents.

ANGELLOTTI, C. J.—The complaint in this case is in the
ordinary form of a complaint in an action to quiet title to
land, plaintiff alleging himself to be the owner in fee simple,
and entitled to the possession of certain land in Fresno
County. Defendant John Jacob Leisle, who was the husband
of his codefendant, defaulted. Defendant Maggie Leisle an-
swered, denying plaintiff's allegation of ownership. She
admitted that she and John Jacob Leisle are husband and
wife, "subject to an interlocutory decree" of divorce, and
alleged that she has an estate in said land, consisting of a
homestead right. She further alleged in substance that in
exchange for certain community property of herself and hus-
band, the latter obtained the land in suit, causing the deed
therefor to be made by the grantor to plaintiff, as security
for a debt of two hundred dollars then due plaintiff from
him, and that plaintiff holds the legal title thereto solely as
security for said debt and interest. She further alleged that
subsequent to said deed she took possession of the land, and
has ever since occupied the residence thereon as a home for
herself and family, and that while so living on the land she
selected the same in accordance with law as a homestead.
She offered to pay the said amount alleged to be due to plain-
tiff, and asked for a decree that he be adjudged to hold the
title only as security for such amount, and that he be required
to convey the same to her upon payment thereof.

CLXXII Cal.—28

The trial court found in accord with the allegations of the answer, and judgment was given to the effect that plaintiff held the title in trust for the community interest of defendants, subject to his claim for two hundred dollars and interest: and that the property is the homestead of defendant Maggie Leisle, subject to said claim and the community interest of John Jacob Leisle.

This is an appeal by plaintiff from such judgment and from an order denying his motion for a new trial.

The deed conveying the land to plaintiff was absolute in form, an ordinary grant, bargain, and sale deed, the consideration expressed being ten dollars. At the time of the transfer to plaintiff all interest of defendants in the property was community property, subject to the control and power of disposition of the husband, with such limitations only as are prescribed in section 172 of the Civil Code. The evidence of plaintiff to the effect that in so far as the husband was concerned, the conveyance was made to him (plaintiff) upon the parol understanding and agreement that he would assume and pay certain debts of the husband, amounting to $820.50 and interest (including the debt of two hundred dollars due him), that he was to sell the property as soon as he could do so and pay these debts, and divide whatever surplus there might be, if any, between the defendants, was uncontradicted. Defendant Maggie Leisle testified simply that *she* did not agree to pay any debt out of the property other than the two hundred dollar debt due plaintiff. A list of the debts referred to was introduced in evidence.

There is nothing in the evidence to warrant a conclusion that the deed can be regarded as a mortgage given as security for the payment of either the debt due plaintiff or the other debts referred to. According to the evidence it was intended as an absolute conveyance, for the purpose of securing a sale of the property and a distribution of the proceeds among the various creditors named, the husband reserving no interest whatever in the *property,* but only an interest in a possible surplus. The agreement was substantially the same, so far as this question is concerned, as that discussed in *Sabichi* v. *Chase,* 108 Cal. 81, [41 Pac. 29], where the distinction between such an instrument and one in the nature of a mortgage was discussed, and it was said that "the material and essential characteristic" of such an agreement as this is "the

presence of a trust.'' It was also said therein: ''The provision that a surplus of proceeds remaining after satisfaction of the claims of the creditors named should be returned to the grantors does not, as supposed by appellants, distinguish the contract as one of security only. The reservation of an interest in the possible surplus—not in the property itself—marks the transaction more clearly as an assignment for the benefit of creditors.''

As we have said, this agreement rested entirely in parol, and it is therefore claimed that the trust is void, because not created by an instrument in writing as required by section 852 of the Civil Code. That section provides: ''No trust in relation to real property is valid unless created or declared: 1. By a written instrument, subscribed by the trustee, or by his agent thereto authorized by writing; 2. By the instrument under which the trustee claims the estate affected; or, 3. By operation of law.'' If the trust is void and unenforceable in view of these provisions, we do not see how that fact could avail defendant Maggie Leisle. Plaintiff would then hold the property as his own, free of any trust. The conveyance to him was absolute, save for this trust. Also it was based upon a valuable consideration, for the indebtedness due him from Leisle was a valuable consideration for the conveyance. But we do not think that the trust is void. Of course, not being in writing, it is not good as an express trust, but under the well-settled rule discussed in *Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430], there is a trust arising by operation of law enforceable by the parties for whose benefit the conveyance was made.

In view of the facts we have a case where from the time of the conveyance to plaintiff no interest whatsoever *in the land* remained in either defendant, their only right being one in the possible surplus that might remain after the sale of the land and the payment of the creditors. Of course the *subsequent* attempted selection by the wife of the premises as a homestead could not *create* any such interest, nor could it avail against the *prior* deed to plaintiff. Such cases as *King* v. *Gotz,* 70 Cal. 236, [11 Pac. 656], and *MacLeod* v. *Moran,* 153 Cal. 97, [94 Pac. 604], are not in point. We are not concerned here with any question whether the husband or wife had any such interest in the property as would serve as a basis for impressing it with the homestead characteristic. As

said by Mr. Justice Henshaw in *Bell* v. *Wilson, ante,* p. 123, [155 Pac. 625, 626] : ''Again, as was long ago decided in this state, the homestead in no wise depends upon the character of the title which the homestead claimant has. A mere naked possession, without other title, may be impressed with the homestead characteristic. Whatever the character of the claim or title which the declarant has at the time of making the declaration, the homestead right will attach *to such claim or title.* . . . Imperfections in or even the absence of a title is a false quantity which must be excluded from consideration.'' The italics are ours. But the attempted selection of property as a homestead adds nothing to the title of the claimant, and of course cannot avail against one who, at the time of such selection, has already acquired all of the interest of both husband and wife in the land, leaving them without any interest therein. (*Snodgrass* v. *Parks,* 79 Cal. 55, [21 Pac. 429].)

It thus appears that the conclusion of the trial court cannot be approved.

The judgment and order denying a new trial are reversed.

Melvin, J., Sloss, J., Shaw, J., Henshaw, J., and Lawlor, J., concurred.