[Civ. No. 2445. First Appellate District.—September 17, 1918.]

MARY L. OREE et al., Respondents, v. VINCENT GAGE et al., Appellants.

HUSBAND AND WIFE—PROPERTY HELD BY WIFE IN TRUST FOR DAUGH-TERS.—In this action to quiet title the evidence in the trial court is held sufficient to justify the trial court in holding that one of the defendants merely held the property in trust for the plaintiffs.

ID.—HOMESTEAD — TRUST PROPERTY.—A homestead cannot be legally declared on trust property.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

John L. Fleming, Paul Nourse, and B. W. Gearhart, for Appellants.

W. D. Crichton, for Respondents.

STURTEVANT, J., *pro tem.*—This is an action to quiet title. The plaintiff had judgment in the trial court and the defendant, Gage, has appealed under section 953a of the Code of Civil Procedure.

On June 14, 1895, J. Downing deeded to Clara Gage. On December 21, 1895, Clara Gage deeded to these plaintiffs. The judgment of the trial court was correct if the property

was, not community property and was not affected by a purported declaration of homestead.

The plaintiffs introduced evidence that they were the daughters of Clara Gage by a former marriage; that their mother took and held the property in trust for them; that the purchase price was paid out of the earnings of the daughters, and that the defendant, stepfather, did not contribute anything to the payments, but, during the major portion of the period during which the purchase price was being paid, he was living separate and apart from the mother. The trial court evidently believed this testimony and properly held that Clara Gage merely held the property in trust for her daughters. On trust property she could not legally declare a homestead. (*Osborne* v. *Strachan,* 32 Kan. 52, [3 Pac. 767]; *Rice* v. *Rice,* 108 Ill. 199; *Gordon* v. *English,* 3 Lea (Tenn.), 640; *Shepherd* v. *White,* 11 Tex. 346; *Bier* v. *Leisle,* 172 Cal. 432, 435, [156 Pac. 870].)

It follows that the judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.