QUESTION: May Florida's homestead exemption be claimed for ad valorem tax purposes on a home placed in an inter vivos trust by one who is simultaneously the settlor of that trust, a cotrustee of the trust, and a beneficiary of the trust who resides on the property?
SUMMARY: Under present Florida law, the interest of one who is the settlor of a trust, as well as being cotrustee and beneficiary, does not qualify for a claim of homestead exemption from ad valorem taxation on the trust property even though such person might maintain permanent residence thereon. None of these three incidents separately qualifies for a claim of homestead exemption, and their concurrence likewise cannot be said to qualify. It is my opinion that, under the facts and the trust instrument which you have forwarded, homestead exemption would not be available. The Constitution of the State of Florida grants homestead exemption for ad valorem tax purposes to "every person who has legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another, legally or naturally dependent upon the owner." Section 6, Art. VII, State Const.; see also s.196.031, F. S. Your question clearly turns on whether any of the various interests, or a combination of the same, would constitute sufficient legal or equitable title to real estate to afford this exemption. It is assumed for purposes of this opinion that the claimant in question does in fact make her permanent residence on the property. It is my opinion that, under present Florida law, the interest of a settlor would qualify for a claim of homestead exemption only if the trust could be considered void. Under present Florida law, a recorded deed of trust could seldom, if ever, be considered void. Section 689.071, F. S.; Ferraro v. Parker, 229 So.2d 621 (2 D.C.A. Fla., 1969). The earlier opinions of this office have all indicated that the interest of a trust beneficiary, even though he or she may reside on the trust property making the same his or her home, is seldom sufficient to support a claim for homestead exemption. Attorney General Opinions 074-313, 072-12, and 055-78. See also Aetna Insurance Company v. LaGasse, 223 So.2d 727 (Fla. 1969). I find nothing in the interests of these trust beneficiaries to constitute an exception to this rule. Furthermore, in AGO 055-78, one of my predecessors held that the legal title of a trustee is not sufficient to support a claim for homestead exemption. While there are no Florida cases to support this conclusion, it seems to be well in accord with the weight of authority from other jurisdictions. Oree v. Gage, 38 Cal.App. 212, 175 P. 799 (1918); Treece v. Carr,58 S.W. 78 (Tenn. 1900); Wood v. Wit (Tex.Civ.App.), 223 S.W. 277, error dismd. (1920); 40 Am. Jur.2d Homestead s. 55; 40 C.J.S. Homestead s. 78b; 74 A.L.R.2d 1355, 1384, s. 27, 89 A.L.R. 561. There seems to be relatively little authority considering the effect of the concurrence of the interests of a trustee and beneficiary. However, in AGO 055-78, it appears that the potential claimant was both a beneficiary and a trustee. That opinion came to the conclusion that, since the potential claimant's interests in neither capacity qualified, homestead exemption was not available. Although the California case of Furman v. Brewer,38 Cal.App. 678, 177 P. 495 (1918), did seem to find that homestead exemption would be available to one who was simultaneously a trustee and a beneficiary, it appears that the claimant also had joint legal title in her own right, separate and apart from the legal title she held as trustee, distinguishing the case from the situation under inquiry here.