# JOSEPH B. AUSTIN *et al.*

## *v.*

# JOSEPH RUST.

1. POSSESSION—*of uninclosed land.* A party need not have land inclosed before he can be said to be in its actual possession. Where he has color of title, possession may be shown by the constant and uninterrupted use through a series of years, and of timber land, by taking therefrom wood for fuel, fences and other purposes, or it may be shown by actual occupancy of a portion of a tract for which he may have a deed under which possession is held. In such cases, the deed may be regarded as enlarging the possession to all the land it includes.

2. SAME—*without color of title.* Where a person has neither title nor color of title to an uninclosed tract of land, the fact that he, during several years, cut firewood and made rails from the timber on it for the use of his farm, and authorized his tenant to do the same thing during his absence, does not necessarily show actual possession. Such isolated acts may as properly be referred to continuous acts of trespass, as indicating possession.

3. DAMAGES—*whether excessive.* Where a party not in the possession of land entered upon the same deliberately, and tore down and removed a shanty erected thereon by another, with a view to wrest from him whatever possession he had, and thus settle a disputed claim by violence, it was *held*, that $125 damages in a suit for the trespass was not excessive.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of trespass, brought by the appellee against the appellants, for breaking and entering the plaintiff's premises and interfering with his possession, and tearing down his house erected thereon, etc. A trial was had under the general issue, with a stipulation that all special matters of defense might be shown without special pleas, resulting in a verdict and judgment in favor of the plaintiff, for $125.

Messrs. KNOWLTON & HUMPHREYVILLE, for the appellants.

Messrs. McDAID, WILSON & PICHER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of trespass to real property. The title is not involved in the controversy. It is not claimed that either party exhibited title to the land. Appellee offered to prove title in the heirs of Mary A. Hubbard, under whom he held as a nominal tenant, to which appellants objected, and the court rejected the evidence on the statement made by appellants they did not claim to have proved title to the land by any evidence offered.

Appellants claim they had the prior possession, and appellee having invaded it, they simply removed the improvements he had placed on the premises, doing no unnecessary damage thereto, as they had a right to do.

The only question that arises on the record is as to the possession of the land. If appellee had the prior possession, then the law was for him, and the verdict is right. It is purely a question of fact for the determination of the jury. Upon this point the finding is against the right asserted by appellants, and the evidence is of that character we do not feel warranted in reversing that conclusion.

Evidence was offered which, it is contended, proves Ira Austin took possession of the land in 1855, and retained that possession until he went to Colorado, 1866, holding it during his absence by a tenant residing on his farm near at hand, until he conveyed to James Austin, in May, 1873, just prior to committing the alleged trespasses. During all that period, there was no actual possession of the land. It was never inclosed, and no one ever resided on it until appellee erected a temporary structure on it, in June, 1873.

The acts proven which, it is insisted, show that Ira Austin had possession, are, that he cut firewood and made rails from the timber on it, for the use of his farm; that he authorized his tenant to do the same thing during his absence, and in that way asserted ownership. The difficulty is, these were isolated acts. He had neither title nor color of title to which they could be referred as indicating possession. They could as

appropriately have been referred to continuous acts of trespass as to acts proving possession and dominion over the property.

A party need not have his land inclosed with a fence before he can be said to be in the actual possession. Where a party has title or color of title, it may be proven, as held by this court in its former decisions, by the constant and uninterrupted use through a series of years, and of timber land, by taking therefrom wood for fuel, fences and other purposes, or it may be shown by actual occupancy of a portion of a tract for which he may have a deed under which possession is held. In such cases, the deed will be regarded as enlarging the possession of a portion, so as to include all the land within the lines called for by the deed. *Winkler* v. *Meister*, 40 Ill. 349; *McLean* v. *Farden*, 61 Ill. 106.

The proof fails to show facts that would, under the most liberal construction, constitute possession in Ira Austin, within the meaning of these decisions.

Notwithstanding James Austin had color of title after the conveyance to him in May, 1873, it does not appear he did anything to indicate he had taken possession of the land. When he went there to erect fences, he found appellee in actual possession under a lease made to him by Spafford for the heirs of Mary A. Hubbard. Appellee warned him to desist. This he did not do. In the temporary absence of appellee, he tore down his shanty and removed it, together with its contents, off the premises.

The question of possession was fairly presented to the jury under proper instructions from the court, and there is no reason for disturbing the verdict. Some objections have been taken to the instructions, but they are not tenable. In the main, they were correct, and such as the nature of the case required. Certainly there was nothing in any of them calculated to mislead the jury on the true issues involved. The justness of the verdict shows they were not misled. Nor was there any error in refusing instructions asked by appellants.

Whatever was material in the refused instructions, to the real issue, was contained in those that were given.

It is urged the damages found were excessive. We do not think so. The acts complained of were deliberately done, with a view to wrest from appellee whatever possession he had. It was an attempt to assert a disputed title by actual violence. This he ought not to be permitted to do. The courts are open to either party, and whoever has the paramount title to the land must eventually succeed.

No sufficient reason is shown for reversing the judgment, and it must be affirmed.

*Judgment affirmed.*