## JULIA M. GOODMAN v. WILLOUGHBY NICHOLS.

1. JUDICIAL SALE, *Void — Ejectment, Barred by Adverse Possession.* Where a purchaser of land at a judicial sale has held the adverse possession of the same continuously for more than fifteen years under a *bona fide* claim of ownership, it will constitute a bar to an action of ejectment by anyone not under disability, and give a complete title to the purchaser, although the judicial sale and conveyance were absolutely void.

2. EQUITABLE RELIEF — *Defenses, not Inconsistent with one Another.* It is permissible for a defendant in an action of ejectment who has answered denying the allegations and claims of the plaintiff, and has set up the defense of the statute of limitations, to further set forth in his answer a complete statement of the facts relating to his title and possession; reciting the giving of a mortgage by the owner, the foreclosure of the mortgage, a sale and conveyance under the decree to himself, the taking of possession under the deed as owner, his payment of taxes and the making of lasting improvements thereon, in the belief that he was the owner, the alleged defects in the judicial proceedings on which the sale and deed were based, and then to ask that, in case the court should hold against his title and claim of ownership, it should grant him equitable relief and protection to the amount of the original debt and interest, the taxes paid and interest thereon, and the value of the improvements which he had placed upon the land. Such defenses are not inconsistent with each other.

3. TITLE *by Adverse Possession — Redemption, Denied.* When the court determined and found that such defendant had acquired a complete title by reason of his adverse possession, no error against the plaintiff was committed by its refusal to require the defendant to redeem the land as an equitable assignee of the original mortgage.

### *Error from Jefferson District Court.*

ACTION in the nature of ejectment, brought by *Julia M. Goodman* against *Willoughby Nichols,* to recover the northwest quarter of section 27, township 7, range 18, in the county of Jefferson, and also to recover for the rents and profits thereof and the damages for the withholding of the possession of the same from the 1st day of March, 1875, until the commencement of this action. The defendant answered, and admitted that he had been in the possession of the land as alleged, but denied every other averment contained in the petition. For

a further answer, the defendant alleged the history of the title to the land, and stated that it was purchased from the United States by Martha M. Cody on August 7, 1857, and that on the same day she borrowed the sum of $200 from Jonathan C. Bowles with which to purchase the land, and executed to him a promissory note for that sum, drawing interest at the rate of 25 per cent. per annum, and also a mortgage upon the land purchased to secure the payment of the note. The mortgage was filed for record and duly recorded on August 11, 1857. Subsequently Bowles duly sold and transferred the note and mortgage to Marcus D. L. Simpson, and thereafter Simpson brought an action in the district court to recover judgment upon the note and to foreclose the mortgage, and on April 28, 1862, judgment was rendered in favor of Simpson and against Martha M. Cody for $434.28, debt, and $27.82, costs. On June 5, 1862, a special execution was issued for the sale of the mortgaged premises, in pursuance of which the land was duly sold to Willoughby Nichols, the defendant, for the sum of $281. The money was paid, and at the October term, 1862, the sale was confirmed, and on November 16, 1862, the sheriff executed to the defendant a deed for the premises. Upon the delivery of the deed, the defendant took possession of the land, until that time vacant and unimproved, and in the full belief of rightful ownership by virtue of the judicial sale. It is also alleged that the proceedings were prosecuted by Simpson against Martha M. Cody as mortgagor in good faith as a non-resident, and without any knowledge of her decease, if it was in fact true. It is then stated that the land having been subject to taxation and having been sold, the defendant as owner thereof redeemed the same by the payment of $60, and has been in the actual possession of the land as owner since April 29, 1863, without any notice of adverse claim until the commencement of this action, and that he had paid taxes assessed thereon to the amount of $600, and placed lasting and valuable improvements thereon of more than $2,000. It is alleged that if Martha M. Cody was in fact deceased, as asserted by the plaintiff at the commencement

of the foreclosure action, no administration upon her estate had ever been had, and that the heirs at law of said Martha M. Cody have resided in the state continuously and in the neighborhood of said land during all such time, and the records of the court and of the tax proceedings have been open to their inspection, and they have in fact known thereof as well as that the defendant was in the possession and claimed the ownership of the land; but they made no objection thereto in any way, prior to the commencement of this action. Defendant further alleged that if the deed should prove invalid by reason of the prior decease of Martha M. Cody, he was entitled to protection at the hands of the court for the full amount and value of the note, with interest thereon, and also the sum paid for the redemption of such land from tax sale, with interest thereon, before the plaintiff should be permitted to disturb him in his possession. The defendant further alleged that by reason of the facts plaintiff should be estopped from setting up any claim to the land, and further, that the defendant is the equitable assignee of Simpson of the note and mortgage and all interest of Simpson and Bowles therein, with the right to enforce the same against the land if it should be held that the plaintiff has the interest of said Martha M. Cody therein. But the defendant denied the claims of the plaintiff, and averred that he has been lawfully in the possession of the land as the holder and owner thereof under the judicial proceedings stated, and is entitled to have his title quieted as against the claim of the plaintiff. The defendant also pleaded that the action of the plaintiff is barred by the statutes of limitation. The defendant first prayed for general judgment against the plaintiff for costs; and further, that if it should be found that plaintiff held by purchase or otherwise the right of Martha M. Cody based upon the fact of her decease before the mortgage was foreclosed, that the amount of the lien thereon by virtue of the note and mortgage should be determined, together with the costs of redemption of the land from tax sale and the subsequent taxes paid thereon, and also the value of the improvements thereon, and that the

court require the plaintiff to redeem the land from these claims within a fixed time or order the land sold for the satisfaction of these liens; and that upon failure of the plaintiff to comply with the decree that she and her heirs and assigns should be barred from all interest or claim upon said land.

The plaintiff admitted the allegations of the answer with respect to the mortgage and judicial sale, but alleged that they were wholly null and void by reason of the fact that Martha M. Cody was not alive when such proceedings were had, averring that she died on or about November 1, 1858.

At the May term, 1887, the case was tried by the court, a jury being waived, and after the testimony was submitted the court made and stated the following conclusions of fact and law:

### CONCLUSIONS OF FACT.

"1. The land in dispute was Delaware trust land, and sold under provisions of treaty therefor at Osawkie, K. T., August 7, 1857, to Martha M. Cody for the sum of $240, and due certificate issued thereon by Daniel Woodson, receiver of the United States land office for that district.

"2. After such purchase, and on said day, said Martha M. Cody, for the consideration of $200, borrowed of Jonathan C. Bowles, executed to said Bowles, his heirs and assigns, a mortgage of said premises to secure her promissory note of that day, for the said sum, payable two years after date, at twenty-five per cent. interest from date, and which mortgage was duly acknowledged and certified and filed for record in the office of the register of deeds for said Jefferson county, Kansas, on August 11, 1857.

"3. Said Martha M. Cody intermarried with John E. Craine in the winter of 1857–1858; and they lived together as husband and wife until the fall of 1858, when said Martha M. Cody died intestate, and resident in Johnson county, Kansas, and was buried by said John E. Craine as her said husband; but said John E. Craine had previously intermarried in the state of Pennsylvania with one Julia Stanley, who was then living—his lawful wife; and no administration was ever had upon the estate of Martha M. Cody.

"4. Said John E. Craine, as the surviving husband of said Martha M. Cody, on April 27, 1858, executed and delivered to Mordecai H. Haines a warranty deed of conveyance, for

the consideration of $620, for the said described land, which was duly acknowledged and recorded on said date.

"5. Prior to September 24, 1861, said Jonathan C. Bowles duly sold and assigned the said note and mortgage to one M. D. L. Simpson, who on said date commenced suit in this court for judgment and foreclosure thereon, against said Martha M. Cody, as defendant, and on September 24, 1861, summons was issued thereon, and returned not served; thereupon, upon affidavit for publication, publication notice was made, and at the April term of this court, 1862, and on, to wit, April 28, upon default, judgment was rendered in this court in favor of said plaintiff against said defendant for the sum of $434.28, debt, and $27.32, costs of suit, and decree of foreclosure of sale of said mortgaged premises; upon order of sale thereon, issued June 5, 1862, and appraisement and notice, the sheriff of this county made sale thereof on August 6, 1862, to the defendant, for the sum of $281, which sale was returned into this court, and upon proceedings therein had, did thereon order deed at the October term, 1862, on the, to wit, October 27; and thereon, on November 18, 1862, sheriff's deed was executed and delivered to the defendant, which was filed for record on November 19, 1862. And all said proceedings were regular and sufficient, but for the prior death of Martha M. Cody, to have vested full title in the defendant, his heirs and assigns.

" 6. On said November 19, 1862, upon filing said sheriff's deed, the defendant redeemed said land from sale for taxes for 1861 and 1862, charged up thereon, amounting to the sum of $18.94, said land having been duly assessed and sold for such taxes and previously unredeemed therefrom, and then so redeemed by the defendant as the owner thereof by virtue of such sheriff's deed. All of the proceedings in court and on the part of the defendant were in good faith, without the knowledge of the death of said Martha M. Cody.

"7. At the time of filing said deed for record, said land was vacant, being probably 130 acres prairie and the balance of timber growth. The defendant forthwith on obtaining his said deed made claim of ownership thereunder to said premises, and during the next season put up hay thereon, and protected the timber from trespassers and the other land from adverse uses; and it was generally known in that neighborhood that the defendant claimed the said land as owner under such sheriff's deed, and from this time it was so generally known; and from year to year the said land was assessed for

taxes, and which were paid by the defendant, amounting, up to 1885 inclusive, to about the sum of —— dollars; and in May, 1869, the defendant broke fire-guard strips around said land, so far as the same could be done on account of the timber growth thereon, and thereafter from year to year kept the same broken up and burned out, and used the prairie-grass portion for pasture and hay; and from 10th November, 1862, down to 1879, he got his firewood from the timber growth, and protected said land from all adverse use up to the spring of 1878, when he entirely inclosed said land with a substantial post-and-plank fence on three sides, in connection with his adjoining land on the fourth side, and a year or two later he put a partition fence of posts and wire between the two tracts; and which fences and uses have ever since been continued by the defendant; and no part of said land has been put into cultivation except for the purpose of hedge fences on two sides thereof.

"8. The value of the wood and grass taken from the land by the defendant as aforesaid, and pasture, since 1879, was a considerable sum in each of the years from 1863 inclusive to the present time.

"9. The father of said Martha M. Cody died prior to her death, and her mother died within five years thereafter. There were then and since living, of the brothers and sisters of said Martha M. Cody, deceased, the plaintiff, Eliza Myers, Mary Bradford, Mrs. Jester, and William F. Cody, then aged respectively 17, 13, 11, 9 and 7 years; and at the commencement of this action and since, by due deeds of conveyance, the plaintiff has acquired all the interests of her said brother and sisters in and to the land in dispute, and had such deeds in court upon the trial.

"10. Until 1878, plaintiff and the other heirs of Martha M. Cody, deceased, supposed that the legal title to the land had passed by John E. Craine's conveyance to Mordecai H. Haines, and did not until then have any actual notice of said purchase and occupation by said defendant."

## CONCLUSIONS OF LAW.

"1. The said intermarriage of Martha M. Cody with John E. Craine was illegal and void.

"2. The said Martha M. Cody having died resident in this state, and no administration having been made upon her estate, no statute of limitations has run in favor of the plaintiff and her co-heirs.

"3. The said foreclosure and sale proceedings by reason of the prior death of said Martha M. Cody were void as transferring the title to said land, but did operate to transfer the said note and mortgage to the defendant.

"4. Under the law in force at the time the note was made and became due, the holder of said mortgage was entitled to the possession of the mortgaged premises, and the defendant, having gone into possession under such foreclosure and sale proceedings, was legally in possession of said premises, and this action of ejectment was not maintainable by the plaintiff at the commencement thereof, or since.

"5. No minors' interests having intervened, except as in the 9th finding, the plaintiff and her co-heirs were barred from any action to recover said land, at the expiration of five years from the time of the defendant going into possession under his said deed.

"6. The defendant has been in legal possession of said land since November 19, 1862.

"7. The defendant is entitled to recover in this action, together with his costs of suit."

In accordance with the findings of fact, the court rendered judgment in favor of the defendant and against the plaintiff for costs of suit. The plaintiff excepted to the findings of fact and conclusions of law, as well as to the judgment entered, and brings the case to this court for review.

*John C. Douglass*, for plaintiff in error.

*W. W. Guthrie*, and *Keeler & Gephart*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : The facts found by the court are sufficient to sustain the judgment that was given. Nichols has acquired a title to the land by adverse possession, which is equal to a conveyance in fee. He purchased the land in 1862 at a judicial sale, and has been continuously in possession of it since November 19, 1862. It is true that the judicial proceeding and sale were invalid by reason of the fact that Martha M. Cody was deceased when the foreclosure proceedings were instituted against her, and therefore the sale and the deed made in pursuance of

the sale were void and conferred no title on Nichols, who was the purchaser. The title of the defendant, however, rests upon his possession, and not upon the judicial sale or the deed. The proceeding and sale were conducted in good faith, upon the theory that Cody was then alive, and that due notice had been given to her of the foreclosure action. Nichols became a purchaser at the sale in good faith, supposing that he was acquiring a complete title. He entered into possession under a claim of ownership, and not as mortgagee or the trustee of anyone. He continued in the actual, visible and exclusive possession, under claim of title, from 1862 until the commencement of this action, in 1885 — a period of nearly 23 years — paying the taxes and making valuable improvements thereon as owner. A title by prescription arises in the adverse occupant at the end of 15 years, if the owner labors under no disability; and if he does, within two years after the disability is removed.

1. Judicial sale, void—ejectment, barred by adverse possession.

(Civil Code, §§ 16, 17.) It is conceded that the youngest heir of Martha M. Cody attained majority in 1877; and there being but two years after the removal of the disability within which to bring action, the bar was complete and the title of Nichols had fully ripened in 1879. Although the deed under which he claimed was void, it afforded color of title. The claim of ownership under the deed being *bona fide*, it furnished a good basis for adverse possession, although wholly ineffectual to convey title. (3 Washburn on Real Property, 5th ed., 149.)

" When the bar of the statute becomes complete, however destitute of the color of title such occupancy may have been under, to the extent that it was actual, visible and continuous, a title by prescription arises in the adverse occupant. This title is in all respects equal to a conveyance in fee. The only distinction which can be recognized between title acquired under a statute of limitations by adverse occupancy, under claim and color of title, and without such claim or color, is, that in the latter case title will only be coëxtensive with actual, visible and continued occupancy; while in the former, color of title may by construction embrace lands only part of which was

thus actually occupied." (*Roots v. Beck*, 109 Ind. 472; *Gilde-haus v. Whiting*, 39 Kas. 706.)

The deed under which a party claims title gives character to his possession, and gives rise to the presumption that he intends his entry shall be coëxtensive with the description in his deed. An adverse possession in real estate for the statutory period, held in good faith under a deed, will confer title, however defective the deed may be, and although the judicial proceedings and sale under which it is issued were void; and will do so even if the deed is void on its face. (*Walker v. Hill*, 111 Ind. 223; same case, 12 N. E. Rep. 387; *Hall v. Law*, 102 U. S. 461; *Tremaine v. Weatherby*, 58 Iowa; 615; *Sands v. Hughes*, 53 N. Y. 287; *Chandler v. Spear*, 22 Vt. 388; *Hoye v. Swan*, 5 Md. 237; *Humphries v. Huffman*, 33 Ohio St. 395; *Austin v. Rust*, 73 Ill. 491; *Ellicott v. Pearl*, 10 Pet. 412; *Logan v. Jelk*, 34 Ark. 547; *Murphy v. Doyle*, 33 N. W. Rep. 222; Angell on Limitations, § 404.)

The plaintiff insists that Nichols was holding under the Cody mortgage, as an equitable assignee, and must be treated as holding the possession in trust for the heirs of the mortgagor. She claims that as the issues were framed and found, the defendant is only entitled to the rights and is bound by the obligations of a mortgagee in possession, and that the decree rendered should have been for an equitable redemption. As we have seen, the entry of the defendant was not under the mortgage, but he took and held possession under a claim of absolute ownership. The defendant recognized no trust nor any title other than his own, and at no time was he intending to hold in subserviency to another. His possession was open and hostile from the inception, and so continued until the commencement of this action.

3. Title by adverse possession—redemption, denied.

Under the facts found there is no ground for the contention that the defendant was holding under the mortgage.

Plaintiff contends that by the pleadings the defendant limited himself to the defense of equitable relief under the mortgage, and was not entitled to avail himself, or to receive the

advantage of the defense of the statute of limitations.    We do not agree with this contention.    The petition of the plaintiff was an ordinary one in ejectment, alleging ownership and the right of possession, and asking for rents and profits and the recovery of possession.    The defendant answered by denying generally every fact alleged in the petition, except that he was in possession of the premises; and he averred that he had been in the open, notorious, continuous and adverse possession from November, 1862, as the owner thereof under the judicial sale and deed; and therefore that the plaintiff was barred under the laws of the state from prosecuting the action.    In further answer, he sets up a detailed history of the title of the land from its sale by the United States down to the commencement of the action, reciting at length the giving of the mortgage, its foreclosure, the sale of the land and the execution of the deed to himself, his possession and payment of taxes, as well as making improvements thereon; and he refers to the alleged defect in his deed by reason of the death of Martha M. Cody prior to the commencement of the foreclosure proceedings.    He then asks that if his title should fail upon the other defenses and by reason of the defects mentioned, he should be granted equitable relief and protection to the full amount of the note and interest, the taxes and interest, and the value of the improvements which he had placed on the premises.    In connection with these allegations, it was stated, however, that by reason of the facts stated the plaintiff was the actual owner of the premises, and that the plaintiff was barred from the prosecution of the action or the setting-up of any

2. Equitable re-
lief—defenses,
not inconsist-
ent with one
another.

claim or title to the land.    There is no inconsistency in the averments of the answer, nor anything which precluded the court from awarding the judgment that was rendered.    A defendant is entitled to set forth as many grounds of defense and for relief, either legal or equitable, as he may have. (Civil Code, §§ 94, 95.)    In this case the defendant claimed ownership by adverse possession, and that the plaintiff was barred under the laws of the state from maintaining her action; but failing in these defenses,

he asked for such relief as the facts alleged would warrant. We see no reason why this practice is not permissible. In actions for slander the defendant may include in his answer a denial that he used the language imputed to him, as well as an averment that the language so imputed is true. These defenses are held not to be inconsistent, and certainly there is no more ground for holding the defenses made in this action to be inconsistent with each other. (*Cole v. Woodson*, 32 Kas. 272.)

The legal defense of title arising from adverse occupancy and the statutes of limitations is fully sustained by the facts which have been found, and hence there was no occasion for the court to go further. The equitable relief was only asked in the event that the court should find from the facts that the legal defenses were not made out. It is immaterial that some of the conclusions of law stated by the court may be incorrect, so long as the facts sufficiently support the judgment; and this being true, the judgment that was rendered should be and will be affirmed.

All the Justices concurring.