## CHARLES E. CHÀNDLER V. J. R. NEIL.

EJECTMENT — *Sufficient Answer*. Where, in an action of ejectment for a town lot by one who relies on a deed from M., the defendant answers alleging a prior purchase of the lot from the agents of M. by verbal contract, on which he paid part of the purchase-money at the time, and went into immediate possession of the premises, and alleges that subsequently, and within the period fixed for the delivery of the deed and payment of the balance of the purchase-money, he tendered such balance, and also alleges he has made lasting and valuable improvements on the lot, *held*, that such an answer states a defense, and it is not error to overrule a demurrer thereto, which avers that such answer does not state facts sufficient to constitute a defense.

*Error from Decatur District Court.*

THE opinion states the case.

*G. Webb Bertram, May & McElroy*, and *Parker & McBride*, for plaintiff in error.

*J. C. Wilson, S. D. Decker*, and *John D. Hayes*, for defendant in error.

Opinion by STRANG, C.: Action in ejectment for lot 1, in
block 6, in the city of Oberlin, Decatur county, and for mesne
profits.    The action was brought in the court below in the
names of Henry S. Beardsley and Charles E. Chandler,
plaintiffs, against J. R. Neil and L. E. Cross, defendants.
It was afterward dismissed as to Cross, and we do not know
where Beardsley fell out, nor why he was ever in, as he had
conveyed the lot to Chandler before suit.    However, he does
not seem to be here.    Neil answered, claiming superior title
to the lot in controversy.    Plaintiff demurred to the second
amended answer of the defendant, which was overruled, and
exception allowed.    At the April term, 1888, the case was
tried before the court without a jury, and a general judgment
was rendered in favor of the defendant.    Plaintiff interposed
a motion for new trial, which was overruled.

The first contention of the plaintiff in error is, that the
court erred in not sustaining his demurrer to the defendant's
second amended answer.    This demurrer alleged that the an-
swer did not contain facts sufficient to constitute a cause of
action.    We think the court was right in overruling the de-
murrer.    The answer states a defense.    It sets up a purchase
of the lot in question from J. P. Mathis, through his agents,
Wilson and Adelman, by a verbal contract at a time long
prior to the sale of the lot by said Mathis to Beardsley, from
whom Chandler obtained his title, and alleges part payment
of the purchase-money, a tender of the balance due on the
contract, possession of the property, which is admitted by the
plaintiff, and his erection of lasting and valuable improve-
ments thereon.    The receipt mentioned by counsel for plain-
tiff in this connection was not a contract, but a simple receipt
for money paid on a verbal contract, and beyond that it cuts
no figure in the case.    The defendant recovered on the strength
of his title under the verbal contract with the agents of
Mathis, and his possession thereunder.    It is admitted that
Wilson and Adelman were the agents of Mathis for the sale
of the lot in controversy.    The undisputed evidence in the

case shows that they sold the lot to Neil for $240, and gave him possession of the premises immediately. Neil paid $20 down when the contract was made, and was to pay the balance when the deed was ready. Wilson thought it would take 30 days to get the deed round from Mathis. Before the 30 days were up Neil tendered the balance of the money to the agents of whom he purchased, and afterward to Mathis himself, and demanded a deed. What more could he have done? What more was required of him? Nothing. He was entitled to a deed; and being entitled to a deed, the court was right in adjudging that he should have one, with his costs.

The evidence shows bad faith on the part of Mathis. On the witness-stand he says his refusal to execute the deed was because the sale was made on 30 days' time, when in fact the balance of the purchase-money was tendered before the time fixed by his own agents at which they would be able to deliver a deed. Wilson's evidence undoubtedly discloses the real reason why Mathis refused to execute a deed, when he says upon the witness-stand that Mathis asked him "if there was not some way for him to squirm out of the Neil contract." Mathis had learned that there was likely to be a railroad built into Oberlin, and he considered his lot worth more money, and he wanted to "squirm out" of his sale to Neil.

The judgment is fully sustained by the evidence. We find no error in the record, and therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.