CHARLES E. GIBSON, *Appellee*, v. JOHN PLUMMER *et al.*, *Appellants*.

No. 16,259.

### SYLLABUS BY THE COURT.

EJECTMENT—*General Denial—Lien for Taxes Allowed.* The defendant in ejectment may under a general denial introduce in evidence a tax deed to the land in controversy, and, if defeated, may have the lien for the taxes assessed.

Appeal from Stanton district court. Opinion filed July 7, 1911. Reversed.

*George Getty,* for the appellants.

*Thomas A. Scates,* and *Albert Watkins,* for the appellee.

The opinion of the court was delivered by

WEST, J.: Charles E. Gibson, the appellee, sued Plummer and Woodward, the appellants, to recover possession of certain land. Woodward answered, alleging in addition to a general denial a former adjudication quieting the title in his grantor, Plummer, that

Plummer had conveyed to him by warranty deed, and that he, Woodward, was a *bona fide* purchaser for value under and by virtue of such judgment; he also filed a cross-petition, which was afterwards dismissed. Plummer filed an answer consisting of a general denial and an allegation that he had obtained a tax deed and afterwards a judgment quieting the title and had conveyed to Woodward and that Woodward was the owner. There is a dispute whether this answer was by the court permitted to contain more than a general denial, the transcript and the files showing the answer as indicated and the journal entry as corrected by the trial judge indicating that only a general denial was permitted, the answer, whatever it was, having been filed by leave of court at the time of trial.

Gibson introduced a chain of title ending with a deed from a daughter and only heir of Moore, a former owner, against whom the judgment quieting title had been rendered, such rendition being a long time after his, Moore's, decease. After a demurrer to the evidence was overruled Woodward offered in evidence a copy of the Plummer judgment, to which an objection was sustained. Plummer then offered the tax deed, which was also rejected, apparently on the ground that Plummer had parted with his title, if any; and when it was suggested that the tax deed was offered in support of the Plummer judgment under which Woodward claimed it was rejected so far as Plummer was concerned, whereupon he rested. Judgment was rendered for plaintiff. The defendants filed their motions for a new trial, which were overruled, and time was given to make and serve a case, whereupon Woodward withdrew his motion and made application to be allowed an assessment of a tax lien in his favor upon the premises, "to which application said plaintiff objected upon the ground that it was not shown or disclosed by the pleadings or evidence that said defendant, Woodward, claimed to own said premises or any in-

terest therein under and by virtue of a tax deed; and thereupon the court announced to counsel for said Woodward that under the present condition of the pleadings the defendant, Woodward, was not entitled to a lien, and an application to amend the answer of said Woodward so as to set forth that he had an interest in said premises by virtue of a tax deed would be favorably considered by the court, but counsel for said Woodward declined to so amend said answer, claiming he was entitled to a tax lien under the pleadings as they stood."

The application for the assessment of a tax lien was denied and the motion for a new trial was refiled and overruled.

The Plummer decree against Moore was void for the reason that Moore had departed this life a long time before its rendition. (*Kager v. Vickery,* 61 Kan. 342; *Harris v. Defenbaugh,* 82 Kan. 765.)

Plummer, having conveyed to Woodward by warranty deed, was interested in having his possible liability under the warranty affected by the tax deed or the lien thereof, and having filed at least a general denial by leave of court, he was entitled both by statute and by judicial authority to introduce any legal evidence which would strengthen his own title or defeat that of his adversary. Woodward, having succeeded to the rights of Plummer, was by the same authority entitled under his general denial to have his tax deed considered and the lien for the taxes assessed. (Civ. Code, § 596, Gen. Stat. 1901, § 5083; see Code 1909, § 620; *Goodman v. Nichols,* 44 Kan. 22; *Chandler v. Neil,* 46 Kan. 67; *Smith v. Hobbs,* 49 Kan. 800; *Taylor v. Danley,* 83 Kan. 646.)

It is suggested that Woodward did not offer the tax deed in evidence as a part of his alleged title or in support thereof and therefore he could not have been permitted to have an assessment of a tax lien. His counsel had offered it in evidence on behalf of Plum-

Railway Co. v. Railway Commissioners.

mer, to whose rights Woodward had succeeded, and the court had rejected it. At any rate the application to have the lien of the taxes assessed implied and involved the introduction of the tax deed in evidence on behalf of Woodward, and it seems that this was denied for the sole reason that it was deemed incompetent under a general denial. The parties were before the court and the condition of the pleadings was no legal bar to an adjudication of the entire matter. It is also suggested that each defendant had a separate trial, and that while each filed a motion for a new trial and each asked leave to withdraw the same, neither asked the court to vacate or modify its judgment already rendered. It was substantially one trial and each defendant may justly complain of the rulings rejecting the tax deed and the assessment of the lien. Both should have been permitted, and for the error in their refusal the judgment is reversed and the cause remanded for further proceedings in accordance herewith.