Wiggins v. Powell.

No. 19,440.

VAN B. WIGGINS, *Appellant*, v. JAMES A. POWELL and RUTH POWELL, *Appellees*.

SYLLABUS BY THE COURT.

EJECTMENT—*What May be Shown under General Denial.* In an ejectment action wherein plaintiff alleges that he is the owner of a tract of land and is entitled to the possession thereof, and that the defendant is unlawfully keeping him out of possession of the same, an answer of the defendant denying generally the averments of the petition is sufficient, and under an issue so joined the defendant is entitled to prove any fact that will sustain his own title or defeat that claimed by the plaintiff.

Appeal from Decatur district court; WILLIAM S. LANGMADE, judge. Opinion filed November 6, 1915. Affirmed.

*A. C. T. Geiger*, and *J. F. Peters*, both of Oberlin, for the appellant.

*H. O. Caster*, of Oberlin, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to recover a tract of land situated in Decatur county. In 1878 it was conveyed to "Clarinda E. Smith & to the children either now or hereafter begotten of Josiah Smith & said Clarinda E. Smith." In 1882 she and her husband conveyed it to Samuel H. Powell, and in 1899 he conveyed one-half of it to James A. Powell, and the remainder was conveyed to James in 1904. It appears that in 1881 a daughter was born to Clarinda E. and Josiah Smith, named Charlotte Irene, and that from 1891 to 1900 Van B. Wiggins acted as the guardian of the daughter. No claim was made by Wiggins to the land or to the rents and profits of the same in behalf of his ward during his guardianship. In March, 1911, Charlotte Irene and her husband executed a quitclaim deed to the land to one Townsend, who shortly afterwards transferred it by quitclaim deed to Wiggins. On September 9, 1912, Wiggins brought this action against James A. Powell and his wife, which resulted in a judgment in favor of the defendants.

It is insisted on this appeal that as Clarinda E. and Josiah Smith are dead, and that as Charlotte Irene is the only survivor she became the owner of the entire estate at their death, and that plaintiff having acquired her interest is entitled to recover the land. The defendants contend that Charlotte Irene was not in actual or potential existence when the deed to her parents was made, and even if it were assumed that any interest passed to her it was an estate tail which, under the rule of *Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 1131, became barred by the conveyance executed by Clarinda E. and Josiah Smith in 1882.

The principal defense, however, relied upon by the defendants is the statute of limitations. It is the contention of plaintiff that as this defense was not specially pleaded by the defendants it is not available to them. The action was ejectment, and the answer of defendants was a general denial. Plaintiff invokes the general rule that where the petition does not show upon its face that a cause of action is barred the defense of the statute of limitations must be specially pleaded, but he overlooks sections 619 and 620 of the civil code, which provide what pleadings are essential to raise the issue of ownership and upon which proof in this case was received. These provide what averments are necessary and sufficient to be alleged by plaintiff in his petition, and the plaintiff herein conformed to the prescribed requirements; and it is also provided that a general denial is a sufficient answer by the defendant. It has been determined that under these provisions the issues joined by a general denial entitle the defendant to produce any testimony that will strengthen his own title or defeat that of his adversary. (*Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595; *Gibson v. Plummer,* 85 Kan. 226, 116 Pac. 618.)

The judgment of the district court is affirmed.