No. 22,284.

MAY VANEK, a Minor, by BERT AINSWORTH, her Next Friend, *Appellant,* v. EDWARD VANEK and EVA VANEK, *Appellees.*

### SYLLABUS BY THE COURT.

1. EJECTMENT—*Cancellation of Deed—Minority of Grantor—Homestead —Findings Support the Judgment.* A widow brought suit in ejectment and to cancel a deed executed and delivered by her deceased husband in his lifetime, in which she joined, her claim being that from the time of her marriage and until her husband's death the real estate was occupied by her husband and herself as their homestead; that she continued to occupy it as her homestead after his death; and that the deed which purported to convey the title was without consideration, and further was void because at the time she executed it

she was and at the time of the commencement of the action was yet a minor under the age of eighteen years. The findings, sustained by evidence, are to the effect that after the marriage of plaintiff the real estate in controversy was never in the possession nor occupied by plaintiff and her husband as their homestead; that the equitable title belonged to the defendants, the naked legal title resting in plaintiff's husband; and that the deed was made to carry out and complete a contract given for a valuable consideration, the terms of which had been fully complied with. *Held*, that the findings compel a judgment in favor of the defendants.

2. SAME—*Pleadings—Competent Evidence Under General Denial.* On the facts stated in the foregoing paragraph, the defendants were entitled under a general denial to show a paramount equitable title which carried with it the right of possession; and a written contract between the plaintiff's husband and the defendants executed prior to the marriage of plaintiff, by which he agreed for a valuable consideration to convey the property to the defendants, was competent evidence to sustain the defendants' claim.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed October 11, 1919. Affirmed.

*W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellant.

*J. M. Livingood,* of Belleville, *L. A. Hasty,* of Wichita, and *F. M. Mahin,* of Smith Center, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action was one in ejectment and to cancel and set aside a deed to certain real estate. The plaintiff, a minor, sues by her next friend. The judgment was in favor of the defendants, and the plaintiff appeals.

In her petition, the plaintiff alleged that on February 29, 1916, she married James Vanek, a brother of the defendant Edward, and lived with him as his wife until his death, which occurred on April 25, 1917; that at the time of her marriage she was less than sixteen years old; that James Vanek died intestate, leaving her as his sole and only heir at law; and that at the time of his death he was seized and possessed of a certain quarter section of land in Republic county, the north half of which is involved in this controversy. She alleged that immediately after their marriage she and James Vanek moved upon the property and continued to occupy it as their

homestead until his death, and that she still occupies the same as her homestead, except as her use and possession have been interfered with by the wrongful acts of the defendants. The petition alleged that on the 18th day of April, 1916, while the property was being occupied and used as the homestead of James Vanek and plaintiff, and while she was under the disability of infancy, she and her husband executed and acknowledged a deed purporting to convey the north half of the quarter section to the defendants; that by reason of the premises being a homestead, and because of her legal disability on account of her infancy, the purported deed of conveyance was void, both as to the plaintiff and James Vanek, her husband; that it was executed wholly without consideration; and that neither she nor her husband received anything of value on account of the conveyance. She asked that the deed be canceled and held void.

The answer was a general denial, with the further defense that the plaintiff was of legal age on the 18th day of April, 1916, when the deed of conveyance was delivered.

The case was tried without a jury, and the court made findings of fact adverse to the claims of the plaintiff, and rendered judgment accordingly. The findings are that the age of the plaintiff at the time of her marriage to James Vanek was fifteen years and six months; that James Vanek formerly owned the entire quarter section, which does not exceed 160 acres in extent; that from plaintiff's marriage with James Vanek until his death they both resided on the south half of the quarter section, the improvements being on the southeast quarter, and that plaintiff held her residence thereon during her widowhood and now lives thereon with her second husband; but that at no time did plaintiff ever occupy or have possession of that portion of the quarter section which is in controversy; and that the possession and occupancy of the north half of the quarter section were at all times after April 25, 1914, in Edward and Eva Vanek. The court finds that for several years before his marriage, and until his death, James Vanek was in poor health; that his brother, Edward, during the fall of 1914, having registered at a public-land drawing in Montana, was successful in obtaining the right to a homestead of 160 acres of land there, and was preparing to

go to Montana to locate thereon; when his brother James, hearing of his intention, offered, if he would remain and live near him and help take care of him, to deed to Edward the north half of the quarter section of land upon which James was then living; and that Edward Vanek accepted the offer. The court finds that on April 25, 1914, when James Vanek was a single and unmarried man, and lived alone upon the quarter section, he and Edward Vanek entered into the following written contract:

"This is to show that I have to-day given the north 80 acres of my farm in Norway township in Republic county, Kansas, to my brother Ed Varnick,* and his wife, Eva Varnick, and they agree not to go to Montana to live, but to stay here and live near me. I am to get this and next year's crops off the land and pay the taxes, but the land is now Ed's and he is in possession and can go ahead and make any improvements on the land he wants to and I give him my note for $7,000 to show him I will give him a deed to the land when I get the two crops off the land and then he is to give me back my note."

The court further finds that immediately after the execution of the contract Edward and Eva Vanek entered into possession of the north half of the quarter section, made lasting and valuable improvements thereon, and have remained in possession ever since; that while the improvements made by them represented no large amount of money, they were all that the land at that time required, and all that defendants could well make until they were ready to build a residence thereon; that in pursuance of the terms of this contract, Edward and Eva Vanek performed considerable labor and rendered many services for James Vanek—took care of him in his sickness, gave up their intention of moving to Montana, remained in Republic county near him, and in no respect failed to do the things required by him or stipulated in the contract between the brothers. The court finds that in February, 1916, a few days prior to the marriage of James Vanek and plaintiff, the matter of executing a deed to Edward and Eva Vanek for the north half of the quarter was discussed by the plaintiff and James Vanek and the defendants, and that at the plaintiff's request the execution of the deed was postponed until after her marriage with James Vanek; that she agreed that if the execution of the deed was

---

* "The name Vanek was often pronounced and spelled 'Varnick,' but the names were the same and were used interchangeably." (*Agreed Statement of Facts.*)

postponed until after the marriage, she would join with her husband in a deed to the defendants; that she fully understood at the time, the conditions surrounding the title to the north 80 acres; and that all the parties believed at that time that the transaction could be legally and properly completed by plaintiff joining with her husband in a deed after their marriage. There is a further finding that on April 18, 1916, the plaintiff joined with her husband in deeding to the defendants the north half of the land in accordance with the written contract; that the deed was duly delivered and recorded; and that at the same time the $7,000 note executed by James Vanek was returned to him and by him destroyed. The court further finds that the contract of April 25, 1914, between the brothers was executed for a valuable consideration, and that the deed of April 18, 1916, was executed for a valuable consideration, namely, the complete performance of the contract by Edward Vanek and his wife; that the note for $7,000 executed by James Vanek to Edward in accordance with the original contract was given as security that James Vanek was to live up to his contract; that the contract and note of April 25, 1914, were executed and delivered before plaintiff contracted or contemplated marriage with James Vanek; that she was informed of the contract between the brothers before her marriage to James, knew that the land was to be deeded to defendants, and agreed to join in a conveyance after her marriage to him; and that James Vanek recognized the contract as binding and fully performed, and executed the deed and demanded in return the note given by him to secure his carrying out of the contract. The finding is that plaintiff voluntarily joined with James Vanek in the execution of the deed of April 18, 1916.

As conclusions of law the court held that at the time of the marriage of James and May Vanek, the equitable title to the north half of the quarter was in Edward and Eva Vanek; that their contract with James was fully performed and they were entitled to the deed; that no homestead right was ever acquired by plaintiff in the eighty acres in controversy, and judgment was rendered in favor of the defendants.

There was some conflict in the evidence, but it was resolved in favor of the defendants, and all the findings are abundantly sustained by evidence. It is contended, however, that the court

committed error in permitting the contract between the brothers to be introduced in evidence. The contention is that the answer admitted the execution of the deed and merely set up the defense that plaintiff was of full age when she signed it; and that without pleading the contract in avoidance, the admission of the contract was not competent evidence. It is sufficient answer to say that there was a general denial, and that under such an answer in an action of ejectment the defendant may introduce any evidence which tends to defeat the plaintiff's title; he may show under a general denial a paramount title, provided such title carries with it the right of possession, whether the title is legal or equitable. (*Mastin v. Gray*, 19 Kan. 458; *Clayton v. School District*, 20 Kan. 256; *Wiggins v. Powell*, 96 Kan. 478, 152 Pac. 765.) The defendants were asking no affirmative relief under the contract. They needed none, because it had been fully executed by both principals to the contract. The contract was properly introduced as evidence to support the deed of conveyance which the plaintiff sought to set aside. The findings show that the contract had ripened into title, and that James Vanek had executed it in his lifetime, so far as it was possible for him to do so, and had by the execution liquidated an indebtedness of $7,000 for which he was liable in case he had failed to execute and deliver the deed in accordance with the terms of the contract.

The conclusions reached by the trial court follow from the facts found. In the first place, the finding that James Vanek and the plaintiff never occupied the north half of the quarter section as their homestead after their marriage, but established their residence and homestead on the south half of the quarter where the improvements were, was sufficient of itself to defeat the plaintiff's claim. Besides, the widow's right to a homestead depends upon the title of her husband at the time of the marriage. The findings are, and the law is, that James Vanek, at the time of his marriage to the plaintiff, held only the legal title to the land; the equitable title was in the defendants. In *Dillon v. Gray*, 87 Kan. 129, 123 Pac. 878, it was said:

"Marriage will not constitute the wife a purchaser of an interest in lands owned or held by the husband. Upon his death the wife acquires no interest by will or under the statute in any property to which he held the legal title but which in equity belonged to others." (Syl. 2.)

While in that case no question of a homestead was involved, the situation here is analogous, for the reason that a claim of the homestead right can only be asserted as to real estate of which the decedent was seized at the time of his death. In 21 Cyc. 581, it is said:

"The interest of the decedent need not have been a fee simple, although it has been held that homestead can be claimed only in property of which he died seized; and he should have had such an interest as could ordinarily be sold by his personal representative for the payment of debts."

It is further said that—

"If the property be held in trust, . . . the widow obtains no homestead therein." (p. 582.)

In support of the last statement of the law, the case of *Osborn v. Strachan,* 32 Kan. 52, 3 Pac. 767, is cited. The principles of law stated in the syllabus of that case seem to control the case at bar. It reads:

"Where a trustee has merely the naked title to real estate, and the *cestui que trust* is in the actual possession thereof, and the trustee, who is a married man, executes a conveyance to the *cestui que trust,* and the premises have never been occupied as a residence by the family of the trustee, the wife of the trustee can claim no homestead interest in the premises so. conveyed."

While the wife was under no disability, such as minority, as in this case, it appears from a statement of facts in the opinion that the wife refused to join her husband in the deed conveying the property to the *cestui que trust.* There was conflicting evidence in regard to the possession of the property, but a general finding against plaintiff was held sufficient to show that neither the trustee nor his family had ever occupied the land in controversy as a residence, or had any possession thereof. The case fits the present one like a blanket. It has never been cited by this court, but in a recent opinion by the district court of appeals of California, it is cited in support of a decision holding that a mother could not legally declare a homestead in property held by her in trust for her daughters. (*Oree et al. v. Gage et al.,* [Cal.] 175 Pac. 799.)

The judgment is affirmed.