70

No. 30,259.

Raymond R. Coughlin, *Appellant,* v. David R. Coughlin, Belva
G. Coughlin, The Prudential Insurance Company of America
et al., *Appellees.*

(9 P. 2d 980.)

Opinion filed
April 9, 1932.

*James E. Smith, Schuyler Jackson,* both of Topeka, and *Clarence Paulsen,*
of Concordia, for the appellant.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Virgil V. Scholes, Margaret McGurnaghan,* all of Topeka, and *M. V. B. Van De Mark,* of Concordia,
for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action, among other things, to construe
the terms of a will. Judgment was for defendant. Plaintiff appeals.

The will which the action was brought to construe is that of
Richard Coughlin. The pertinent parts of the will are as follows:

"Fifth: All the rest and residue of my property, real, personal and mixed,
of every kind and nature wheresoever situate, after the payment of my debts,
and the three specific bequests above mentioned, I give, devise and bequeath
to my wife, Eliza A. Coughlin, and to my son, David R. Coughlin, to be by
them, and each of them, held during their natural lives, and after their death,
to the heirs of the body of my said son, David R. Coughlin, share and share
alike as is more specifically hereinafter designated.

"Sixth: It is my will that my executors hereinafter named shall, upon my
death, take possession and control of all of my estate, real, personal and
mixed, as aforesaid, and shall out of the income therefrom, or out of the sale,
if necessary, of any portion of the personal property thereof, first pay my debts,
the expenses of administration, and the three bequests before mentioned.
That they shall handle the rest of said property, real and personal, as may to
them seem for the best interests of my estate, and of the beneficiaries thereunder. That they shall invest and reinvest the personal property, monies, and
the proceeds therefrom, and shall rent the real estate and collect the rents
therefrom, and invest the same, and shall, semiannually up until the death of
both of the above-named Eliza A. Coughlin and David R. Coughlin, pay onehalf of the said income to the said Eliza A. Coughlin and one-half to the
said David R. Coughlin.

"In the event of the death of either the said Eliza A. Coughlin or David R. Coughlin, then the survivor shall receive during her or his life all of said rents and profits and income as aforesaid.

"My said executors hereinafter named shall not by these presents be construed to have authority to sell or dispose of any of the real estate of which I may die seized, unless such act becomes necessary for the payment of debts due from my estate.

"After the death of both the said Eliza A. Coughlin and David R. Coughlin, then the trust reposed in my executors, or their successors, shall cease, and all of my property, real, personal and mixed of every kind and nature, its proceeds and accumulations shall pass to and become the absolute property of the heirs of the body of my said son, David R. Coughlin, share and share alike, and the trust so reposed in my said executors, as aforesaid, shall cease.

"I designate and appoint as executors my wife, Eliza A. Coughlin, and my son, David R. Coughlin."

Eliza Coughlin predeceased Richard. David Coughlin accepted under the will and took up his duties as executor and trustee. A short time after the death of Richard Coughlin, David Coughlin conveyed the real estate devised in the will to W. S. Lower. Immediately W. S. Lower and wife reconveyed to David Coughlin. David now claims that his father's will created an estate tail in him and that these conveyances severed the entailment and vested him with the fee-simple title.

This action was brought by a grandson of Richard Coughlin and a son of David Coughlin. He claims that the will of his grandfather only created a life estate in his father, David Coughlin, and that the property which David Coughlin took under the will he took only in trust for him and his brothers, all sons of David. There are other questions raised in the briefs, but the answer to this question does away with the necessity to answer the others. We must examine the will, then, to determine whether it creates an estate tail in David Coughlin. The fifth clause devises the property. In it appears these words:

"I give, devise and bequeath to my wife, Eliza A. Coughlin, and to my son, David R. Coughlin, to be by them, and each of them, held during their natural lives, and after their death, to the heirs of the body of my said son, David R. Coughlin, share and share alike, as is more specifically hereinafter designated."

An estate tail has been defined by this court as "a freehold estate in which there is a fixed line of inheritable succession limited to the issue of the body of the grantee or devisee, and in which the regular and general succession of statutory heirs at law is cut off." (*Gardner*

*v. Anderson,* 116 Kan. 431, 227 Pac. 743.) We can see nothing that can be added to this definition. Certainly the language quoted above from the will in question comes within the terms of that definition. There is only one place for this property to go after the death of David Coughlin, and that is to the heirs of his body. If there should be no heirs of his body living at the time of his death, that is, if appellant in this case and all his brothers should have predeceased David Coughlin, and left surviving them wives or adopted children, who would have inherited from David Coughlin under the law of descents and distribution, under this will these heirs would not take anything. This question has been before this court a number of times. The deciding question has always been, Does the language used in the will limit the succession of statutory heirs to the heirs of the body of the devisee? (See *Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 1131; *Wiggins v. Powell,* 96 Kan. 478, 152 Pac. 765; *Gardner v. Anderson,* 114 Kan. 778, 227 Pac. 743; *Allen v. Pedder,* 119 Kan. 773, 241 Pac. 696; *Woodley v. Howse,* 133 Kan. 639, 3 P. 2d 475.) Following these cases, the question here must be answered in the affirmative.

The appellant realizes the force of those cases, but seeks to avoid the effect of them by arguing that from the language of the will besides that last quoted, the words "heirs of the body of my son David R. Coughlin" are words of purchase and not limitation. That is, that they are intended to designate a class which the testator intended should have the real estate in fee after the death of those to whom he was devising a life estate and not to limit the succession of the property. If this court should hold that these words were words of purchase and not of limitation, then an estate tail was not created.

There is some language in the will that indicates an intention to create a life estate in his wife and son with a remainder to his grandchildren. In seeking to apply this construction to this will, however, we are met by the fact that the testator used language that has been held specifically to create an estate tail. (See cases herein cited.)

Without doing violence to the rule that the entire will must be examined, and the intent of the testator gleaned from that, we have heretofore held that the use of language such as that contained in the will under consideration created an estate tail. The court ex-

amines the language and if the provisions would have the effect of cutting off some of the succession of legal heirs, then the rules with reference to an estate tail must be applied to it.

We hold, therefore, that the will in question created an estate tail, and the judgment of the district court is affirmed.