## LEA *v.* SLATTERLY.

EJECTMENT. *Pleading.* The defendant in an action of ejectment, filed two pleas, one of not guilty, and the other a disclaimer. The plaintiff moved to strike out the latter plea on the ground that it was repugnant to the plea of not guilty. The Circuit Judge refused to allow the motion, but made the defendant elect which of the pleas he would rely on. *Held*, that this was error. The plea of disclaimer should have been stricken out and the leave granted the defendant to amend his plea of not guilty by stating therein the extent of his possession.

Code cited: Sec. 3239–40.

### FROM LAUDERDALE.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

RAINS, LYNN & OLDHAM for complainant.

WILKINSON & WILKINSON for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Slatterly sued Lea in an action of ejectment in the Circuit Court of Lauderdale county, to recover a tract of land of about seventy-eight acres.

Defendant put in two pleas. First, that he is not guilty of unlawfully withholding the premises claimed by plaintiffs or any part thereof. Second, that he is not in possession of, nor claiming, nor in any manner exercising any acts of ownership over the premises in the declaration described, or any part thereof. The declaration was filed October 7, 1870, and the pleas December 30, 1870.

On the 6th of January, 1872, plaintiff moved the court to strike out the second plea, upon the ground that the first plea of not guilty admitted that defendant was not in possession of the premises, and the second plea denied they were in possession, and was repugnant to, and contradictory of, the first plea.

The court required defendant to elect on which plea he would rely, and upon defendant electing to rely on his second plea, the first was stricken out, to all of which defendant excepted.

The cause was tried by a jury, upon the issue made upon the second plea, and a verdict rendered for plaintiff.

The questions presented are, whether in the action of ejectment, as now regulated by statute, a defendant

Lea *v.* Slatterly.

can rely upon the plea of not guilty, and also upon a disclaimer of possession of and claim to the premises and if not, whether it was error in the court to require defendant to elect on which of his pleas he would rely.

It is provided by sec. 32g9 of the Code, that the defendant may plead that he is not guilty of unlawfully withholding the premises claimed by plaintiff,. and under such plea may avail himself of all legal defenses. But by sec. 3240, such plea admits that the defendant is in possession of the premises sued for, unless he states distinctly upon the record the extent of his possession.

It is obvious that but for the provision of sec. 3240 there would be no repugnance between the pleas of not guilty and disclaimer, but by operation of this section, the defendant is made to admit that he is in possession of the premises, whether the fact be so or not.

It will be observed that by 3239, the action may be brought against any person claiming an interest in the premises, although not an actual occupant. Yet, if such defendant pleads not guilty, he, by a legal fiction, admits that he is in possession.

The question then is, can such a defendant rely upon the plea of not guilty, whereby he admits himself in possession, and also on the plea of disclaimer, whereby he denies his possession or claim to the premises?

It is provided by sec. 2907 of the Code, that the defendant may plead as many pleas as he has real

grounds of defense.    But in the action of ejectment, under the plea of not guilty, he may avail himself of all legal defenses, and therefore, under this plea, if he desires to defend on the ground of a disclaimer as to any portion of the premises sued for, he can do so, but must set out on the record the extent of his possession.    He cannot, however, plead not guilty and a disclaimer of any possession or claim to the premises sued for, because, by the Code, he is estopped by his plea of not guilty from denying his possession.

It follows that defendant's second plea, as pleaded, was improper, and ought to have been stricken out or leave given to him so to amend it as to show upon the record the extent of his possession.

But the court declined to strike out the plea of disclaimer, and required defendant to elect between his two pleas.    The result was that defendant elected to rely on his plea of disclaimer.    If he had voluntarily made this election he would have been bound by it, although it was not the proper plea on which to reach the real issue in the cause.

We see by the proof in the record that the real question was as to the location of a dividing line between two tracts of land, and upon the settlement of this line depended the question sought to be raised. As the issue was made up under the ruling of the court the question of title was not involved, and hence the plaintiff was not required to deraign his title or recover upon its strength.

We are of opinion that the court erred in declining to strike out the second plea, and requiring de-

fendant to make an election between his two pleas. The second plea should have been stricken out and the cause tried on the plea of not guilty, with leave to defendant to amend by setting out on the record the extent of his possession.

Upon the issue as tried we are not satisfied that the merits of the case were properly involved or reached.

Judgment reversed.