IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1878.

PRESENT:

HON. DANIEL GANTT, CHIEF JUSTICE.
" SAMUEL MAXWELL, } JUDGES.
" GEORGE B. LAKE, }

---

AULTMAN & TAYLOR MANUFACTURING COMPANY, APPEL-
LEE, v. E. H. RICHARDSON AND OTHERS, APPELLANTS.

1. **Deed:** MISTAKE IN GRANTEE'S NAME. A mistake or abbrevi-
ation in the name of a grantee in a deed does not necessarily
invalidate the deed, but such mistake or abbreviation may be
explained and made certain and definite by extrinsic evidence

2. ———. The *habendum* in a deed cannot divest the estate vested
by the grant in the deed; and when it is repugnant to the grant
it must be treated as of no validity or effect.

APPEAL from the district court of Johnson county
Tried below, before WEAVER, J. The facts are stated in
the opinion.

3

*S. P. Davidson*, for appellants, cited 3 Wash. on Real Property, Secs. 7, 26. *Simms v. Hervey*, 19 Iowa, 288. *Chase v. Palmer*; 29 Ill., 306. *Ames v. Ames*, 5 Wis., 166. *Hull v. Brown*, 25 Wis., 650. *McKnight v. The President, etc., of Mineral Point*, 1 Pinney, 99.

*T. Appelget*, for appellee, cited *Chamberlain v. Crane*, 1 N. H., 64. *Bridge v. Wellington*, 1 Mass., 219. *Wallace v. Wallace*, 4 Mass., 135. *Pray v. Pierce*, 7 Mass., 381. *Litchfield v. Cudworth*, 15 Pick., 23. *Porter v. Ingram*, Harper, 492. *Ingram v. Porter*, 4 McCord, 198. 3 Kent Com., 422. Shepherd Touchstone, 89. *Tyler v. Moore*, 42 Penn. St., 376. 2 Hilliard on Real Property, 339, 372. *Adams v. Frothingham*, 3 Mass., 352. 3 Washburn on Real Property, Secs. 36, 61.

GANTT, CH. J.

This is a foreclosure case, and is brought into this court upon appeal. The mortgage deed was executed by the defendants, E. H. Richardson and Parmelia Richardson, to secure the payment of two promissory notes. These defendants denied "that they ever executed, acknowledged, and delivered to plaintiff the mortgage particularly described and set out in the petition;" but on the trial of the cause they "admitted that they signed the paper which purports to be the mortgage, and which is attached to the petition, but denied that the said paper was a mortgage." The objections to the deed offered in evidence are that "it is irregular, uncertain and indefinite," in this, the grantees therein are "Aultman & Taylor, M'f'g Co." It is insisted that the deed does not contain the name of a grantee, and it is therefore void. But in this case grantees are named in the mortgage deed; and the only question is, whether the abbreviation by letters of the words "Manufacturing Company" will invalidate the deed.

The case of *Chase v. Palmer*, 29 Ill., 306, relied on, only decides that a deed without *any* name of a grantee, when it was executed and acknowledged, is invalid, because a deed is a writing sealed and delivered by the parties, and when executed there must be in every grant a grantor, a grantee, and a thing granted; and the case of *Simms v. Hervey*, 19 Iowa, 288, is to the same effect. This is the common law rule.

In *Ames v. Ames et ux.*, 5 Wis., 166, the court say there was a fatal variance between the mortgage described in the bill and the one offered in proof, in this, that " the bill states the mortgage was conditioned for the payment of $130.72 and interest, according to the note described in the mortgage, while the mortgage offered in evidence was conditioned for the payment not only of the note, but also to secure the payment of $7 annually to the mortgagees or the survivor, for life;" *held*, that it is essential to correctly describe the condition of the mortgage in the petition, because the averment of the condition is descriptive of that in the mortgage, and should correspond with it.

It will easily be observed that the question raised and decided in the above cases is very different from that raised in the case at bar, and therefore cannot properly be applied to the one under consideration. But do the abbreviations used in the name of the grantees invalidate the mortgage deed ? We think not.

In *Staak v. Sigelkow*, 12 Wis., 241, the question in regard to a mistake or abbreviation in the name of the grantee is fully discussed, and, after a review of English and American authorities, it is *held* that such mistake or abbreviation does not necessarily invalidate the deed, for it may be explained. This construction seems to be based on the general and familiar doctrine that deeds must be construed, if it be practicable, so as to give effect to the intent of the parties. *Webb v. Den, et al.*, 17 How., 579.

Again, the mortgage is an incident to the debt, and so far as respects its determinate value, it cannot be detached from the debt; and therefore it follows or passes with the assignment of the debt; hence, the notes and the mortgage must be considered together. *Richards v. Kountze*, 4 Neb., 208. Now, when the mortgage, and the notes which are particularly described in its conditions as to amount, date and interest, are taken together, the latent ambiguity caused by the abbreviation in the names of the grantees is explained and made certain, definite, and clear. There can be no doubt about this, or as to the intent of the parties; and this intent must govern.

Again, it was urged in the argument for defendants that because the *habendum* is inconsistent with the grant, it invalidates the deed. In answer to this point, it is only necessary to state that the *habendum* cannot divest the estate vested by the grant in the deed, and that when it is repugnant to the grant, it must be treated as of no validity or effect. 3 Wash. on Real Estate, 642. 4 Kent Com., 529.

The final decree must now be rendered in this court in favor of plaintiffs against the defendants, E. H. Richardson and P. Richardson, for the amount of the two notes and interest thereon, with costs, and the usual order of sale of the mortgaged premises.

DECREE ACCORDINGLY.