STOCKER et al., Plaintiffs in Error, v. GREEN.

1. **Practice: INSTRUCTION.** The declaration of law for the plaintiff, in this case, which entirely ignored the testimony introduced on behalf of the defendant, was properly refused.

2. ———: EJECTMENT: STATUTE OF LIMITATIONS. In an action of ejectment it is not necessary to plead the statute of limitations in order that it may be available as a defence. Such defence is competent under a general denial.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

The following is the instruction asked by plaintiff and referred to in the opinion of the court:

"The court is asked to declare the law to be, that, upon the pleadings and evidence offered in this case, the plaintiff is entitled to recover a strip of land now in the possession of defendant, being a strip of ground commencing at a point on the east line of Third street twenty-two feet, more or less, north of the north line of

Loughborough avenue, and at the corner of a fence now upon said premises; thence running north along the east line of Third street to a point, being a point thirty feet north of the north line of Loughborough avenue; thence east and parallel with Loughborough avenue one hundred and forty feet to an alley; thence south eight feet, more or less, to a point; thence westwardly and parallel with said Loughborough avenue one hundred and forty feet to the place of beginning, and being the premises enclosed by a fence on the south, said premises being in city block No. 3004 of the city of St. Louis, state of Missouri."

*William B. Thompson* for plaintiffs in error.

(1) The possession of Mrs. McPeak of the lot in controversy was taken at the time she received her deed from Calvert, subject to the understanding and agreement that existed between her grantor and the plaintiffs' grantor, that no title was claimed by reason of the apparent possession of the lot in controversy. *Major v. Rice*, 57 Mo. 384; *Hamilton v. West*, 63 Mo. 93. (2) There was no claim, under any color of title, to the lot in question by the defendant or her grantor since the erection of the fence upon the premises; so that there is no evidence to establish any intention on the part of the defendant or the defendant's grantors to hold adversely. *Key v. Jennings*, 66 Mo. 356; *Redley v. West*, 60 Mo. 33; *Hamilton v. Boggess*, 63 Mo. 233. The proof in this case fails to show any intention of adverse possession. It fails to show presumptive adverse possession. It fails to show possession under a color of title. The presumption in favor of the mistake at the time the fence was erected will continue in all cases where a dividing line between proprietors has been established by reason of a mistake, neither party waiving any rights under the misapprehension as to such a boundary line.

*Knowlton v. Smith*, 36 Mo. 507; *St. Louis University v. McCune*, 38 Mo. 485; *Thomas v. Babb*, 45 Mo. 384; *Kincaid v. Dormey*, 47 Mo. 347; *Tam v. Kellogg*, 49 Mo. 118; *Acton v. Dooley*, 74 Mo. 69. (3) The court erred in holding that there was adverse possession for more than ten years, under color of title.

*R. S. McDonald* for defendant in error.

Respondent never having been informed of any question about the fence bounding her lot not being the true line, and having occupied and claimed it up to the fence as her own for a longer term than ten years, her title to the same was good. *Draper v. Shoot*, 25 Mo. 197; *Bowman v. Lee*, 48 Mo. 335. If the respondent went into possession of the fenced lot, and claimed it as fenced, being in ignorance of the true line as described in her deed, then her possession and occupancy was adverse to the world at large and to the true owner. *Hamilton v. West*, 63 Mo. 93; *Major v. Rice*, 57 Mo. 384.

SHERWOOD, J.—Ejectment for a strip of ground in the city of St. Louis, in what is known as Carondelet. Answer, a general denial. The strip of ground, which was eight feet wide, was enclosed together with a lot of ground some forty feet wide. The fence, which took in the additional eight feet, seems to have been put there, in 1859 or 1860, by mistake. Mrs. McPeak, under whom the defendant holds as tenant, bought, paid for, and received a deed for a lot forty feet in width in 1866. It does not appear that she was aware of the fence enclosing more than the forty feet until 1877, when she was so informed by one of the plaintiffs in this action; but she claims always to have claimed all of the land in the enclosure as her own. This suit was brought in 1882. The testimony certainly seems to preponderate in favor of the plaintiffs; but it cannot be said that there is absolutely no testimony on behalf of the defendant. The

court was asked by plaintiffs to give a declaration of law which will accompany this opinion. Of this declaration of law it is sufficient to say that it entirely ignores the testimony introduced on behalf of the defendant. This justified its refusal. And it was not necessary for defendant, in order to avail himself of the statute of limitations, to plead that statute in order to use the bar of that statute as a defence. Under a general denial, such defence is competent. *Fairbanks v. Long*, 91 Mo. 628, and cas. cit.

We affirm the judgment. All concur, except Ray, J., absent.