EFFIE V. LESS, *Appellant*, v. G. W. YEATS, *Appellee*.

No. 16,397.

SYLLABUS BY THE COURT.

1. COMPROMISE TAX DEED—*Separate Sale of Contiguous Lots—Consideration—Taxes Compromised.* A compromise tax deed which had been of record more than five years purported to convey a block of ground in a city. Four of the lots were sold separately for a specified amount, eight of the lots were sold together for a stated sum, and the remaining sixteen lots of the block were sold together for a single consideration. The lots so sold constituted the entire block, and all were owned by the same person. The recitals showed that the subsequent taxes for each year after the sale and before the compromise were included in a single charge, and all taxes, interest and charges against the entire block were compromised and the interest of the county assigned for one gross sum. In an attack on the deed because it did not state the consideration for which each lot was sold and conveyed it is *held*, that the instrument is not void on its face for that reason; that it contains the essential recitals of a compromise tax deed; and that it is not void because the compromise did not include the taxes of the year in which it was made.

2. ——— *Acknowledgment of Execution by County Clerk.* An abbreviated acknowledgment of the execution of the tax deed held to be sufficient.

Appeal from Hamilton district court; WILLIAM H. THOMPSON, judge. 'Opinion filed March 12, 1910. Affirmed.

*George Getty*, for the appellant.

*U. T. Tapscott*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the validity of a compromise tax deed which was of record more than. five years before the action was brought and which purports to convey an entire block in the city of Coolidge. Effie V. Less, who claimed the patent title,. brought an action to recover the block from G. W.

Yeats, who was in possession and who claimed title under a tax deed issued on June 15, 1897, and recorded on June 22 of that year. Whether that tax deed is good on its face is the question upon which the parties have divided.

One defect to which attention is called is that the deed does not show the consideration for which each lot of the block was sold. It recites that in 1889 four of the lots in the block were sold separately for the payment of specific sums charged against them; that eight lots of the block were sold to pay a stated sum charged against them; that the sixteen remaining lots of the block were sold to pay a specific amount charged against them; and that as no person offered to pay the taxes and charges on the lots they were bid off to the county for the total amount of the taxes therein stated, which was the least amount bid for them. It is further recited that in charging up the subsequent taxes for the succeeding years from 1888 to 1895, inclusive, the whole block was included under a single charge each year, and as the lots remained unredeemed more than three years and no person offered to purchase the same for the taxes, charges and interest thereon the board of county commissioners, by resolution of October 19, 1896, authorized the county treasurer to execute and the county clerk to assign the certificates to L. M. C. Brown for $3.25, and this was done on November 13, 1896. Subsequently Brown assigned the tax-sale certificate and his interest in the property to Jacob W. Shirley, to whom the deed was executed. The contention is that each lot of the block should have been sold separately, but this is not essential to a valid conveyance of contiguous lots or parcels of land. The lots in question are all in the same block and constitute the entire block. It is conceded that all were owned by the same person, and no reason is apparent why they might not have been assessed as a single parcel or tract. The recitals, it is said, indicate that the lots were sold for different amounts, and hence must have been of differ-

Less v. Yeats.

ent values, and so it is said that a person desiring to redeem a single lot or group of lots could not have ascertained the amount necessary to redeem any one of them. The county commissioners determined, as they had a right to, what the compromise should be and what payments should be made for an assignment and transfer of the interest of the county. The recitals necessary to a valid compromise tax deed are contained in the instrument executed. (*Douglass v. Wilson,* 31 Kan. 565.) In arranging the compromise the commissioners could and probably did take cognizance of whether by reason of improvements or changes of ownership there was any reason for severance of contiguous lots or for separate statements as to how much of the consideration was for any particular part of the block. The owner had five years after the deed was recorded to show that such severance and separate recital was necessary for his protection, but after that time elapsed every reasonable presumption must be indulged in support of the deed, and on that theory no invalidity appears. If a person desired to redeem any of the lots or groups of lots included in the block, the amount necessary to redeem each could have been ascertained by the rule of apportionment laid down in *Nagle v. Tieperman,* 74 Kan. 32, *Kessler v. Polkosky,* 81 Kan. 69, and *Van Hall v. Goertz,* post.

The failure to include the taxes of 1896 in the compromise does not affect the validity of the tax deed. In the first place the compromise was made in October before the taxes for the year 1896 became a lien on the lots, and in the second place it was competent for the county commissioners to arrange a compromise on the basis that the taxes for that year should be paid in full.

The acknowledgment of the deed is attacked because it does not sufficiently show that the officer who executed it was the county clerk of Hamilton county, or that he executed or acknowledged the execution of the same as county clerk of that county and was known to

the one taking the acknowledgment to be such officer. The acknowledgment follows:

"State of Kansas, County of Hamilton, ss.

"I hereby certify that before me, a register of deeds in and for said county, personally appeared the above-named John Wensinger, county clerk, personally known to me to be such, and he duly acknowledged the execution of the same to be his act as county clerk as provided by law.

"Witness my hand and official seal this 15th day of June, A. D. 1897.               FANNY R. STARKEY,
    [SEAL]                                     *Register of Deeds.*"

There is no difficulty in learning from the instrument that John Wensinger, who had executed the deed as county clerk of Hamilton county and had affixed the official seal of the county to the deed, was the county clerk of the county and that he acknowledged the tax deed in that capacity. The acknowledgment, although not as elaborate as the form ordinarily used, seems to include every essential element.

The contention that Yeats had opened the tax deed to attack for irregularities notwithstanding it was more than five years old by asking to have his title quieted as against Less is negatively answered by the recent ruling in *Trust Co. v. Jones,* 81 Kan. 753.

No substantial error appearing in the record, the judgment is affirmed.