MARY N. TAYLOR, *Appellee*, v. JOHN T. DANLEY *et al.*, *Appellants*.

No. 16,684.

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Grantee.* A tax deed issued to "Wheeler & Motter, of Buchanan county, Mo.," is not void for the reason that it does not sufficiently identify the grantee.

2. —————— *Presumption—Deed Recorded Five Years—Identity of Grantee.* Where, in such case, W. W. Wheeler and Joshua Motter, with two persons designated as their respective wives, after the issuance of such tax deed join in a conveyance of the land described in the tax deed, it will be presumed, in the absence of any evidence, after the tax deed has been of record more than five years, that W. W. Wheeler and Joshua Motter were the identical persons named as grantees in the deed.

3. EJECTMENT—*Pleadings and Proof—Limitation of Actions—General Denial.* In an action of ejectment, where the petition and the answer set forth such facts and make such denials only as are required by sections 619 and 620 of the code of 1909, either party under such pleading may prove any fact which would tend to strengthen his own title or to defeat that of his adversary to the same extent as if the facts were fully pleaded, including such as may tend to prove that the rights of either party have been barred by any statute of limitation.

Appeal from Scott district court. Opinion filed January 7, 1911. Reversed.

*William M. Glenn,* and *W. B. Lowrance,* for the appellants.

*H. O. Trinkle,* and *A. R. Hetzer,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action in ejectment, brought by the appellee, on March 2, 1908, to recover 160 acres of land in Scott county. The plaintiff simply alleged in her petition that she was the owner of the land, was entitled to the immediate possession thereof, and that

the defendants unlawfully kept her out of possession. The answer of the appellants to this petition was a general denial only. In another paragraph defendant Danley alleged that he had been the owner of the land and in the actual possession thereof for more than two years before the commencement of the action, that the appellee claimed some interest therein, but such claim had no foundation in law and she had no legal right, claim or interest to the real estate, and prayed for the quieting of his title thereto. The appellee replied by a general denial. A jury was waived and trial was had to the court.

The evidence on the part of the plaintiff was a tax deed to the land in controversy, issued and recorded January 9, 1895, by the county clerk of Scott county, to "Wheeler & Motter, of Buchanan county, Mo.," for the taxes of the years 1890, 1891 and 1892, under the sale of 1891. The appellants objected to the introduction of the deed for the reason that the deed was void on its face, the grantee not being capable of taking title, and some other objections which need not be considered. The appellee also introduced in evidence a quitclaim deed to the land, wherein W. W. Wheeler and wife and Joshua Motter and wife were the grantors, and W. O. Bourne was grantee; also a chain of conveyances from W. O. Bourne to the appellee. It was admitted that the appellee and her grantors had paid all the taxes on the land since the execution of the tax deed, but the appellants objected to this evidence as incompetent and immaterial.

After the overruling of a demurrer to the appellee's evidence on the ground of insufficiency, it was admitted by the appellee that the patent title to the land was in Silas Scott Clugston, and that by deed dated February 1, 1906, and recorded February 17, 1906, he conveyed his interest in the land to appellant Danley; also that the records showed a mortgage from Silas Scott Clugston, the then owner of the land, to John

D. Knox & Co., which mortgage was assigned to W. B. Lowrance, July 22, 1890, and the assignment recorded November 15, 1902.   Much other evidence was offered in regard to the possession of the land by Lowrance through tenants, which we regard as immaterial, as there is no evidence that there was any privity between Lowrance and Danley, and all rights defendant J. W. Scott had to the possession at the time of the beginning of the action were under Danley.

One question in the case is the validity of the tax deed issued to "Wheeler & Motter" — whether it is void by reason of the lack of identification of the grantees.   If the deed be void, there is, of course, no fountain head from which the appellee could derive title.   If only voidable, the deed having been recorded more than five years, every reasonable presumption is to be indulged in favor of its validity.   Neither the tax deed nor any evidence introduced, unless it be the subsequent conveyance of W..W. Wheeler and wife and Joshua Motter and wife, in any way identifies "Wheeler & Motter," as to whether the grantees in the deed were two individuals purchasing as tenants in common or whether their names constituted the name of a copartnership.

Even if it be assumed that "Wheeler & Motter" was the name of a copartnership, as was said in the case of *Sherry and another v. Gilmore and another*, 58 Wis. 324: "A tax deed issued to partners in the firm name is not void for want of a grantee." (Syllabus, ¶ 3. See, also, Black, Tax Tit., 2d ed., § 391; 30 Cyc. 432.) It is said, substantially, in volume 13 of the Cyclopedia of Law and Procedure, at page 539, that where a copartnership is named as a grantee in a deed it constitutes a latent ambiguity which may be explained by parol.   (See, also, *Murray, Ferris & Co. v. Blackledge and wife*, 71 N. C. 492; *Morse et al. v. Carpenter*, 19 Vt. 613.)

Assuming that the tax deed in question was issued to

two individuals, whose Christian names were omitted,. there can be no question that the deed would not be void for that reason, but that the grantees could be identified by evidence *aliunde*. (*Webb et al. v. Den*, 58 U. S. 576; *Aultman & Taylor Manufacturing Co. v. Richardson*, 7 Neb. 1.)

If, therefore, the grantee in this tax deed may be identified by evidence *aliunde*, the tax deed is not void, but at most only voidable; and it matters not in the decision of this case that such evidence was not produced at the trial. Under the rule frequently stated by this court, every reasonable presumption will be entertained to sustain the validity of a tax deed which has been of record more than five years, and no presumption will be indulged to invalidate it. (*Cross v. Herman*, 74 Kan. 554; *Tucker v. Shorb*, 80 Kan. 511; *Less v. Yeats*, 82 Kan. 105.) The presumption in this case is that "Wheeler & Motter" designated two persons, and that the W. W. Wheeler and Joshua Motter, who afterward signed a deed of conveyance to the land, were the two individuals named in the deed. It follows that the tax deed should in this respect be held valid.

The undisputed evidence is that Danley, through Scott, was in possession of the land from the date of the deed to Danley (February 1, 1906), more than two years before the commencement of this action. It will also be observed that neither the limitation defined in subdivision 3 of section 15 of the code of 1909 nor any other limitation was pleaded to the petition. Nor did the petition on its face show that the defendants had been in possession more than two years before the beginning of the action.

Defendant Danley, before the final submission of the case to the court, moved to dismiss his cross-petition,. which motion was denied by the court. This was error.. (Code 1909, § 395.)

The only question that remains is whether appel-

lant Danley could avail himself of the statute of limitations to the plaintiff's cause of action under a general denial, and without especially pleading it. Generally it is a well-established rule that unless a petition shows on its face that the cause of action is barred by the statute of limitations a defendant can not avail himself of the statute without especially pleading it. In actions of ejectment there is much contrariety of opinion in different states as to whether the general rule applies. Our statute (Code 1909, § 619) provides what it is necessary to plead in the petition, and section 620 of the code of 1909 what shall be necessary in the answer. Where a petition, as in this case, barely alleges, as required by statute, that the plaintiff is the owner of the land in question, is entitled to the possession thereof, and that the defendant unlawfully keeps her out of possession, the defendant can not, without more fully setting forth the plaintiff's cause of action than is stated in the petition, plead the statute of limitations thereto. For instance, in this case defendant Danley, to interpose this defense, would be required to allege that the plaintiff's title is based upon a tax deed, the date it was issued, that she had not been in possession of the land, and that he had been in adverse possession thereof for more than two years. A defendant can not be presumed to know upon what the plaintiff bases the cause of action except from the petition, and any rule that would require the defendant to set forth the plaintiff's cause of action more fully than does the petition would seem absurd.

This particular question, whether the general rule that the defendant must plead the statute of limitations before it can be interposed as a defense applies in actions of ejectment does not seem to have been decided in this state; but it was said in *Stout v. Hyatt,* 13 Kan. 232:

"Either party under such pleadings [referring to

the section of the code above cited] may prove whatever would strengthen his own title, or defeat his adversary's title, in the same manner and to the same extent as he could do if the facts were set out with all the circumstantial minuteness and fullness of detail that they usually are in equitable actions." (p. 241.)

(See, also, *Wicks v. Smith*, 18 Kan. 508.)

It was expressly held in the following cases that the statute of limitations need not be pleaded in ejectment actions, under statutes similar to ours: *Stubblefield v. Borders*, 92 Ill. 279; *Fairbanks v. Long*, 91 Mo. 628; *Stocker v. Green*, 94 Mo. 280; *Lea v. Slatterly*, 66 Tenn. 235; *Horne v. Carter's Adm'rs*, 20 Fla. 45; *Rhodes v. Gunn*, 35 Ohio St. 387; War. Eject. § 204.

The following authorities seem to be to the contrary: *Custard v. Musgrove*, 47 Tex. 217; *Orton v. Noonan and another*, 25 Wis. 672; *Hansee v. Meade*, 34 N. Y. Supr. Ct. 162; *Chivington v. Colorado Springs Co.*, 9 Colo. 597.

In accord with what seems to be the weight of authority, and also in accord with good reasons, based upon the very necessities of the case, we hold that where a petition and an answer in an action of ejectment are such only as are required by sections 619 and 620 of the code of 1909, either party under such pleading may prove any fact which would tend to strengthen his own title or to defeat that of his adversary, to the same extent as if the facts were fully pleaded.

In actions for the recovery of real property, by the provisions of section 619 of the code of 1909, it is sufficient if the plaintiff state in his petition that he has a legal or equitable estate therein and is entitled to the possession thereof, and that the defendant unlawfully keeps him out of such possession; and by the provisions of section 620 of the code of 1909 it shall be sufficient if the defendant deny generally the title alleged in the petition or that he withholds the possession. It was the clear intendment of the framers of

the code that such pleadings should answer in all cases of this nature. The defendant may not be informed of the nature of the plaintiff's claim of title, and is not required specifically to state any defense he may have thereto; he is only limited in this, that if he deny the plaintiff's title he must admit that he has the possession. Under such pleadings either party may prove any fact which tends to establish his own right or defeat the claims of his adversary, and either party may be confronted with proof of facts of which he was wholly unadvised by the pleadings. The court, of course, follows the plain provisions of the code, resorting only to construction where there is uncertainty of its meaning. The writer, however, is of the opinion that in many cases it would be much better and fairer to litigants had the general provision of the code been made applicable to actions of this nature, to wit, that the plaintiff should make a statement of the facts constituting his cause of action in ordinary and concise language, without repetition, and that the defendant in his answer should make a statement of any new matter constituting a defense or right to relief concerning the subject matter of the action, in ordinary and concise language, without repetition.

There was evidence in this case which tended to prove that the tax deed had been issued more than five years before the commencement of the action, that the appellee had never been in possession of the land thereunder, and that appellant Danley had been in possession of the land for more than two years prior to the commencement of the action. The evidence as to the possession, which tended to show that the plaintiff's cause of action was barred, should be considered as pertinent to the issues raised by the pleadings as if the limitation had been expressly pleaded in the answer.

For the reasons given the judgment is reversed and the case is remanded for a new trial.