# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1913.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER, } JUSTICES.
HON. ALFRED W. BENSON,
HON. JUDSON S. WEST,

MARY N. TAYLOR, *Appellant*, v. JOHN T. DANLEY et al.,
*Appellees.*

No. 18,259.

### SYLLABUS BY THE COURT.

1. FORMER JUDGMENT—*No Bar to Defense in Present Action*—The pleadings, issues and judgment in an action to foreclose a mortgage wherein the parties to this action were made defendants are examined, and it is held that the judgment in that action does not estop the holder of the patent title in possession from asserting a defense in this action brought by the holder of the tax title to recover the land.

2. EJECTMENT—*Patent Title—Holder of Tax Deed Never in Possession.*—An action to recover land by the holder of a tax deed can not be maintained against the holder of the patent title who has held adverse possession for more than two years, and the tax-title holder has never taken possession, although the tax deed is valid upon its face and has been of record more than five years.

Appeal from Scott district court. Opinion filed June 7, 1913. Affirmed.

1—90 KAN. (1)

*H. O. Trinkle,* of Garden City, for the appellant.

*W. B. Lowrance,* of Topeka, for the appellees.

The opinion of the court was delivered by

BENSON, J.: This action is in ejectment brought by the holder of a tax deed which had been of record more than five years against the holder of the patent title. The pleadings were general, as provided in the code for the recovery of land. (Civ. Code, §§ 619, 620.)

The defenses interposed are that the action is barred by the two years' limitation prescribed in subdivision 3 of section 15 of the civil code and that the tax deed is invalid because of inherent defects. Against these claims the plaintiff sought to show that the validity of the tax title had been adjudicated in a former action wherein the parties to this action were defendants. This is the second appeal in this action. (*Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595.)

An action was brought by William Babbitt to foreclose a mortgage made by a former holder of the tax deed. John T. Danley answered in that suit pleading his own title in fee simple and alleging infirmities in the tax title on which the mortgage was based. A reply was filed by Mary N. Taylor and her husband D. B. Taylor denying the averments in Danley's answer. The reply also contained an admission that Mary N. Taylor claims title under the tax deed, although the answer replied to contained no corresponding allegation. Neither Danley nor Taylor asked for affirmative relief. The judgment in that action included findings that Danley was the owner of the patent title and in possession of the land; that the title of the mortgagor was a tax deed; that Mary N. Taylor held under a conveyance from Baker, made since the date of the mortgage, wherein she agreed to pay the mortgage debt; that a tax for the current university fund formed a part of the consideration for the tax deed; and that neither the plaintiff Babbitt

Taylor v. Danley.

nor any of his grantors were ever in possession of the land.   The following conclusions of law were made:

"The tax deed is valid upon its face, and, being more than five years old, is barred by the statute of limitations from attack.

"That plaintiff by his foreclosure proceedings seeking affirmative relief from the fee holder in possession, subjects the deed to attack for every reason for which it might have been attacked before the same was five years old.

"That the deed is fatally defective because of the tax for Current University Fund, and is not sufficient as a basis for title as against defendant John T. Danley, as between him and plaintiff.

"That the defendants, David B. Taylor and Mary N. Taylor, seeking no affirmative relief as against John T. Danley, the tax deed upon which their title rests, so far as controversy may exist between themselves and Danley, is not open to assault, for its inherent defects, in this action."

The judgment was for plaintiff Babbitt against the Taylors for the amount of the debt, the sale of the land to satisfy it, and for foreclosure against the mortgagor and the Taylors, but was in favor of Danley for costs.   By a careful examination of the conclusions copied above it appears that it was first held as a general proposition that the tax deed was valid on its face and protected from attack by the statute of limitations, yet that the mortgagee by seeking relief in the foreclosure proceedings had removed the bar of the statute and subjected it to attack in the issue between the mortgagee and Danley, the holder of the fee in possession; and that the deed was invalid because an illegal tax was included in the consideration.   It was also held that as the Taylors sought no affirmative relief; the tax deed was not open to such an attack in that action so far as controversies between them and Danley were concerned.   As Danley claimed nothing against them, and they sought no relief against him, it will be seen that the validity of the tax title was not

in issue between them. There was no judgment against Danley on that issue or any other issue, but a general judgment was rendered in his favor; therefore the validity of the tax title was not adjudicated except that it was held invalid upon the issue between Babbitt, the mortgagee, and Danley. Beyond that the tax title was not affected by the judgment, the general proposition stated conclusions not applied to any issue tried, or determined by the judgment, and can not have the force of an estoppel against the defendant in this action.

It was said in the opinion upon the former hearing that the evidence was undisputed that Danley was in possession for more than two years before the action was commenced. On the last trial it was stipulated that he had held the possession since August 1, 1906, leaving to be determined from the evidence whether he was in possession before that date and from what time. The evidence of prior possession includes testimony relating to leases and subleases of tenants of a mortgagee in possession, the details of which are confusing, but it appears that on February 1, 1906, the holder of the patent title at that time conveyed the land to Danley, who from that date has been in possession. The court so found and the finding is sustained by the evidence. It was also stipulated that for more than five years after the date of the execution of the tax deed, which was January 9, 1895, the land was vacant and unoccupied. As the land was in the adverse possession of the defendant for more than two years before this action was commenced, and the plaintiff had never taken possession at any time, her action is barred by limitations, as the district court held. The defense of former adjudication having failed, judgment for the defendant was not erroneous.

Complaint is made because the court did not adjudge a lien for taxes in favor of the plaintiff. The abstracts do not show that such a claim was presented

Railroad Co. v Thisler.

or the attention of the court called to the subject in any way.

If the plaintiffs desire to do so application may still be made to the district court to have such lien allowed, which may be considered by that court as though filed at or before the entry of judgment.

The judgment is affirmed.